JOEL W. FLETCHER, Appellant, vs. ASAPH SPAULDING, Respondent.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

The plea of the statute of limitations will always be governed by the law of the country where the suit is prosecuted, unless such law makes some different provision for the case.

Where a cause of action on a promissory note accrued in the State of Massachusetts between two citizens of that State, and the Defendant afterwards became a citizen of this State, and has continued to reside here uninterruptedly for six years after the cause of action accrued, the Plaintiff continuing to reside in

Fletcher v. Spaulding.

Massachusetts and to own the claim, it will be barred by our statute of limitations.

*Sec.* 39, *ch.* 72, *Comp. Sts., pp.* 629–30, does not take the case out of the operations of *secs.* 3. 6, *ch.* 60, *of the same book, on page* 532.

Points and authorities for Appellant.

I. When a cause of action has arisen in another State, and a citizen of that State has had such cause of action from the time it accrued, no statute of limitations can be set up as a defence to such action except the statute of the State where it accrued. *Pub Sts. Minn., ch.* 72, *sec.* 39, *pp.* 629–30.

II. *Sec.* 39, *ch.* 72, *of Pub. Sts.*, provides for those special cases which are excepted from the provisions of *sec.* 3, *ch.* 60, and in which a different limitation is prescribed from those mentioned in *ch.* 60, *of Pub. Sts.*

III. The pleadings and facts proved show that the statute of limitations of the State of Massachusetts was the only statute of limitations which could properly be set up as a defence to this action.     The Respondent omitted to set that up in his answer.

Points and authorities for Respondent.

I. Under the circumstances of the case the statute of limitations of Minnesota is a bar to this action.     *Comp. Sts., ch.* 60, *sec.* 3; *Id., sec.* 6, *sub.* 1, *p.* 532; *sec.* 16, *p.* 533; *Id., ch.* 72, *sec.* 39, *pp.* 629–30.

HENRY C. BUTLER, Counsel for Appellant.

C. G. RIPLEY, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—This action was brought upon two promissory notes executed in the State of Massachusetts, one by the Plaintiff Fletcher as surety, and the Defendant Spaulding as principal, to the President, Directors and Company of the Fitchburg Bank for $300, which the Plaintiff was compelled to pay at its maturity, to wit, the 24th day of January, 1853, and the other for $100, executed by the Defendant directly to the Plaintiff, which was due on the 8th day of December, 1853.     Several pay-

ments are alleged to have been made on the notes, the consideration of which is unnecessary upon the points involved in the case.

The Defendant answered that none of the causes of action accrued within six years before the commmencement of this action, which was the 15th day of October, 1862.

The following facts were proved on the trial.

That both the causes of action stated in the complaint accrued in the State of Massachusetts, and that at the time the notes were made and when they matured the Plaintiff and Defendant were both residents of said State. That the Plaintiff has ever since been and now is a resident and citizen of Massachusetts, and has had both of the causes of action from the time they accrued. That the Defendant has not paid any sum whatever on either obligation since the 8th day of December, 1855. That the Defendant removed to the State of Minnesota more than six years before the commencement of this action, and has since continuously resided in said State for more than six years (exclusive of the time of any absence therefrom), and more than six years since either of the causes of action accrued.

The findings of the court were in accordance with these facts, upon which, as matter of law, it was decided that the statute of limitations had run against the Plaintiff's claims, and judgment was rendered for the Defendant.

The limitation of actions will always be governed by the *lex fori*, unless there is some provision therein referring such limitation to other laws. The contract will be construed according to the laws of that country in reference to which it is made, but the remedy on it must be prosecuted according to the laws of that country in which the remedy is sought. Time, place and manner of commencing a suit pertain to the remedy, and he who elects to prosecute his action in this State must abide by our laws on all these subjects. *Nash vs. Tupper*, 1 *Caines' Rep.*, 402; *Ruggles vs. Keeler*, 3 *John.*, 263; *Decouche vs. Savetier*, 3 *John. Ch. Rep.*, 190; *Lincoln vs. Battelle*, 6 *Wend.*, 475; *Andrews vs. Herriot*, 4 *Cow.*, 508, *and the learned Note of the Reporter at the end of the case, from pages* 510 *to* 531.

We will now see if our statute of limitations or other laws contain any provision by which the plea of the statute of limitations, interposed by the Defendant, is to be tried by the law of Massachusetts. *Section* 3, of our statute of limitations, provides that " actions can only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute." *Comp. Sts., p.* 532, *sec.* 6, of this act, provides what actions must be commenced within six years, and includes the case at bar. Now, unless we can make this one of the special cases where a different limitation is prescribed by law, pursuant to *section* 3, it is subject to the operation of *section* 6, and barred. The Plaintiff refers us to *sec.* 39, *ch.* 72, *p.* 629, *Comp. Sts.,* as relieving the case from the effect of our statute. That section is as follows:

" When a cause of action has arisen in a state or territory out of this territory, or in a foreign country, and by the laws thereof, an action cannot there be maintained against a person by reason of the lapse of time; an action thereon cannot be maintained against him in this territory, except in favor of a citizen thereof, who has had the cause of action from the time it accrued."

We cannot see how this provision in any way affects the case at bar. The effect of it is, simply to allow a citizen of Minnesota to plead the statute of limitations of a foreign state or country when it is more favorable than our own, and to allow the same citizen, when he is Plaintiff in a foreign cause of action, which he has had from the time it accrued, the benefit of our own statute; or, in other words, it confers a privilege on a Defendant when sued by a foreigner which it denies to him when sued upon the same demand by a domestic Plaintiff. Our own statute of limitations is always open to such of our citizens as can bring themselves within it, and foreign statutes may also be taken advantage of against foreign Plaintiffs when more favorable ,than our own. There is no good reason why a foreigner who allows a claim against one of our citizens to become stale by his own laws, should come here and revive it. Nor can we see any good reason why

our citizens should rest under greater obligations toward foreign creditors than are imposed upon them in regard to our own.

The court was clearly right in its view of the statute, and the judgment must be affirmed.