ELI F. HOYT et al.

*vs.*

HENRY McNEIL.

Under the statute of limitations in this State, if an action is brought upon a cause of action arising in another State, the defendant may, under some circumstances, take advantage either of the statute of limitation of the State where the cause of action arose, or of our State.

The Courts of one State do not take judicial notice of the statutes of other States, and when a party relies upon a law of a foreign State it must be pleaded, and its terms so far as it is relied on must be set forth.

The statute of limitation of a foreign State if not pleaded can not be taken advantage of on demurrer.

The statute of limitation of this State does not begin to run in favor of a party to be charged until he comes within the jurisdiction.

If it appears that six years could not have elapsed from the time the defendant came within the State before suit brought, the action is not barred.

If a statement of facts shows a cause of action, the only objection to which is that it is barred by a statute of limitation, it is competent for the plaintiff in his complaint to state any facts which will take the cause of action out of the operation of the statute.

Hoyt et al., v. McNeil.

The plaintiffs in this case appeal from an order of the Court of Common Pleas, Ramsey county, sustaining a demurrer to the complaint. The allegations of the complaint are substantially: that on the 5th day of November, 1859, at New York, the plaintiffs sold and delivered to the defendant, at Lawton, in the State of Michigan, goods, wares and merchandise, which were reasonably worth $76.20; that they were sold on six months' time; that defendant agreed to pay said sum at the expiration of said time; that defendant was then and continued to be a resident of said State of Michigan, until some time in the year 1863 or 1864, when he became and ever since has been a resident of the State of Minnesota; that said debt is due the plaintiffs and unpaid; that by the laws of the State of Michigan " the said debt is alive and due and payable, and not barred by the statute of limitations." The ground of demurrer was, that the complaint did not state facts sufficient to constitute a demurrer.

J. N. Rogers for Appellants.

Brown & Stocker for Respondent.

*By the Court*—McMillan, J.—This is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The specific objection to the complaint is, that it appears therefrom that the action is barred by the statute of limitations. It has been decided by this Court that an objection of this kind may be taken by demurrer. *McArdle vs. McArdle*, 12 *Minn.*, 98.

There may be some doubt as to whether the debt was contracted in New York or Michigan; if it were necessary to decide this question, in view of the general rule that the place of performance gives the law of the contract, it would

seem, perhaps, *from the facts stated in the complaint*, that the cause of action upon this contract arose in Michigan.

The allegation may be objectionable on the ground of uncertainty; but whether the action arose in New York or Michigan is not material on this demurrer. The goods were purchased on the 5th of November, 1859; the price payable six months thereafter. It appears from the complaint, that on the 5th of November, 1859, and long prior thereto, the defendant was a resident of the State of Michigan, and continued to be a citizen and resident of that State until some time in the year 1863 or 1864; that during the year 1863 or 1864, the exact time being unknown to the plaintiff, the defendant removed from Michigan, and became and ever since has been and now is a citizen and resident of the State of Minnesota. This action was commenced some time in April, 1868. The indebtedness was not due until May, 1860. Under our statutes of limitation, if an action is brought upon *a cause of action arising in another State, the defendant may, under some circumstances*, take advantage either of the statute of limitation of the State where the cause of action arose, or of our own State, when properly brought to the notice of the Court. *Gen. Stat., Chap.* 66, *Secs.* 3, 15, 16; *Fletcher vs. Shumway*, 9 *Minn.*, 64.

At common law there was no stated or fixed time as to the bringing of actions. *The People vs. Gilbert*, 18 *Johns*, 228. *Wilcox vs. Fitch*, 20 *Johns*, 228. The limitation of the time in which they can be brought is a matter which depends upon statutory regulation. If the State in which a contract is made had no statute of limitations, then by the *lex loci* the action might there be commenced at any time. *Pearsel et al. vs. Dwight et al.*, 2 *Mass.*, 89. If, therefore, it does not appear in this complaint that a statute of limitations exists in New York or Michigan, embracing this case, this action can-

not be barred by the law of the State where the cause of action arose.

It is well settled that the Courts of one State do not take judicial notice of the statutes of another State, and that where a party relies upon the law of a foreign State, such law must be pleaded, and so far as it is relied on, its terms must be set forth, that the Court may determine whether the effect claimed for the law is legitimate. *Smith's Com.*, sec. 831, and authorities cited. *Pearsel et al. vs. Dwight et al.* 2 *Mass.*, 87. *Legg vs. Legg*, 8 *Mass.*, 99. *Ruggles vs. Keeler*, 3 *Johns*, 263. *Holmes vs. Broughton*, 10 *Wend*, 77.

In this instance it does not appear that there is any statute either in New York or Michigan, limiting the time in which an action could be brought in either of those States. So far as those States are concerned, therefore, it does not appear that the action is barred under *sec. 16 of chap. 66 of the General Statutes of this State.* Is it barred under the statutory limitation applicable to actions of this class generally, irrespective of the *lex loci?*

The statute does not begin to run in favor of the party to be charged until he comes within the jurisdiction. *Ruggles vs. Keeler*, 3 *Johns*, 261 ; 1 *Pars. on Contr.*, 96 ; *Gen'l Stat.*, chap. 66, sec. 15 ; *Olcott vs. Tioga R. R. Co.*, 20 *N. Y.*, 210.

It expressly appears from this complaint that the defendant did not come within this State until the year 1863, or 1864, and as six years, the period of limitation prescribed by the statute in this class of actions, could not have elapsed between the more remote of those years and the commencement of this suit, the statute could not have run ; the action, therefore, could not be barred.

But it is urged that the only allegations in the complaint properly pleaded are the allegations of the sale of the goods, the time and place, and price of the same. If a statement of

Hoyt et al., v. McNeil.

·facts shows a cause of action, the only objection to which is that it is barred by a statute of limitation, it is competent for the plaintiff in his complaint to state any facts which will take the cause of action out of the operation of the statute. This is the rule in equity. *Story's Eq. Pl., Secs.* 484, 503. If the rule of pleading which obtains at law is changed so as to permit a defendant to demur when it appears on the face of the complaint that the cause of action is within the statute of limitation, the corresponding rule in equity, that a plaintiff in such case may state facts to avoid the statute of limitations, must be applied for the benefit of the plaintiff.

The facts as to the residence of the defendant are material to withdraw the cause of action from the operation of our statute, and are properly pleaded.

The averments as to the laws of Michigan are not sufficient. The terms of the law, so far as relied on, must be set forth. 2 *Mass.*, 87; 10 *Wend., cited ante.* But these averments are mere surplusage, and are not reached by demurrer.

The order sustaining the demurrer is reversed.