HORACE R. BIGELOW

*vs.*

WILLIAM L. AMES, Administrator, &c.

The time of the limitation of actions upon contract, depends upon the law of the place where such actions are brought.

Section 8, ch. 73, Gen. Stat. reads as follows: "When one, or in case of a joint, or a joint and several contract, all, of the original parties on the same side to a contract or cause of action in issue and on trial, are dead, or shown to the court to be insane, the other party or parties shall not be admitted to testify as to such contract in his or their own favor, unless such transaction was had and performed, on behalf of the party or parties so deceased or insane, by an agent whose testimony is received." *Held*, that the words "is received" mean "is received by law," that is, "is *receivable* under the rules of evidence."

The plaintiff presented his claim before commissioners who were appointed by the probate court of Ramsey county to examine and adjust all claims against the estate of Oliver Ames, deceased. The defendant, the administrator of said

estate, appealed from the report of said commissioners, allow-ing plaintiff's claim, to the district court for said county. A jury trial was waived, and trial had before a referee, who found for the plaintiff. The defendant made a motion for a new trial, which was denied, and from the order denying the same he appeals to this court, insisting that the referee erred in his rulings upon the admissibility of evidence. The nature of the evidence offered, and the rulings of the referee are sufficiently stated in the opinion.

JOHN B. & W. H. SANBORN, for Appellant.

BIGELOW, FLANDRAU & CLARK, for Respondent.

*By the Court.*—BERRY J.—This action is brought against William L. Ames as administrator with the will annexed of the estate of Oliver Ames, deceased. The defendant offered to show that administration of the decedent's estate had been had in Massachusetts, where said decedent resided at the time of his death, and that by the statute of limitations of said state, plaintiff's action, which was upon contract, was barred. The exception created by *sec. 16, ch. 66, Gen. St.,* having no application in this instance, the evidence was rightly excluded under the general rule, that the time of the limitation of actions upon contract depends on the law of the place where the action is brought, the *lex fori. Fletcher vs. Spaulding,* 9 *Minn.* 64; *Angell on Limitations* (5th Ed.) § 65; *Wharton's Conflict of Laws,* § § 535, 543, *and cases cited.*

The principal question in the case arises upon the following state of facts. It appeared "that all the transactions alleged in the complaint were had and performed on the part of the deceased by and through an agent, William L. Ames," the de-fendant, who was at the time of the trial in, and a resident of

the city of St. Paul, in which the trial took place. The testimony of the plaintiff himself in reference to the transactions above mentioned was received upon the trial, though said Wm. L. Ames was not a witness, and did not testify in the case. Defendant claims that plaintiff's testimony was incompetent under *sec. 8, ch. 73, Gen. St.*

The plaintiff's criticism upon the time and form of defendant's objection is perhaps just, but we will assume in defendant's favor, and in accordance with his construction, that his objection was so taken as fairly to raise the question whether plaintiff's testimony was properly admitted under the circumstances above stated.

*Sec. 8, ch.* 73, *Gen. St.*, reads in this wise, "when one, or in case of a joint, or joint and several contract, all of the original parties on the same side to a contract or cause of action in issue and on trial, are dead, or shown to the court to be insane, the other party or parties shall not be admitted to testify as to such contract in his or their own favor, unless such transaction was had and performed, on behalf of the party or parties so deceased or insane, by an agent whose testimony is received," &c. The question is what is meant by the words "is received?" The defendant contends that they mean "received in fact," that is to say, that in this case, to make 'the plaintiff's testimony competent, the testimony of the agent, William L. Ames, must actually have been received upon the trial.

The plaintiff, on the other hand, contends that the words " is received " mean not " is received in fact," but is " received by law," or, in other words, is *receivable* under the law of evidence.

His line of argument is, that as the words " is received " are susceptible of either of the above interpretations, the statute not in terms expressly indicating which is correct,

their meaning is to be ascertained by construction; that by the Revised Statutes of 1851, the testimony of parties, and all other persons interested in the event of an action, was made equally admissible with that of other witnesses; that the effect of the statute of 1851, was to place the estate of a deceased party, or of an insane party to a contract, at a disadvantage as against a living and sane party to the same whose interest was adverse to the interest of the estate, or insane party; that by *ch.* 36, *Laws of* 1861, and *ch.* 39, *Laws* 1862, this disadvantage was prevented, by excluding the testimony of the living party in cases where the adverse party was dead or insane; that as, however, when the contract was made by the deceased or insane party through an agent, the disadvantage spoken of would not arise unless the agent was dead or insane, there would seem to be no more reason for excluding the testimony of the living party, if the agent's testimony is receivable, (as it would be under the ordinary rules of evidence if he were living and sane) than there would be for excluding the testimony of such living party, if the deceased party was living and sane, so that his testimony could be received; that in this view, and with the purpose of permitting the living party to enjoy the benefit of his own personal testimony where such permission would not give him an undue advantage over an insane person, or the estate of a deceased person, *sec.* 8, *ch.* 73, *Gen. Stat.*, before quoted, was passed.

The construction contended for by the plaintiff is certainly most in harmony with the general spirit and policy of our law of evidence, by which persons are made competent witnesses regardless of their interest in the controversy, it being for the tribunal which is to pass upon their testimony to determine how far such interest affects their credibility.

It is a construction in accordance with the established rule by which statutes are to be so construed as to suppress the

mischief, and advance the remedy.   1 *Bl. Com.* 87 ; *Sedgwick Con. & St. Law*, 235, *et. seq.*; *Potter's Dwarris on Statutes*, 184-5.   It is also the construction which, from the course of legislation referred to, would seem best to effect the purpose, and carry out the intention of the legislature.   And as in our opinion it is fairly admissible, and, for the reasons above given, the most reasonable and sensible construction, we hold it to be correct.

The only other point made in this case by appellant is that the referee's finding of an item of $75 in favor of the plaintiff is not justified by the evidence.   As the case comes here upon a bill of exceptions in which it expressly appears that only a part of the testimony received by the referee is reported, this point cannot be considered.

Order denying new trial affirmed.