RATHBONE ET AL., Appellants, *v.* COE, Respondent.

**1. Limitation of Actions — Construction — Conflict of Laws.**

Where the statute of a state, where a contract was made, provided that an action on such contract "must be commenced within" six years "after the cause of action has accrued," and an action on it there had become barred, *held,* the bar was available here.

**2. Same — Pleading — Sufficiency.**

In such a case where the defendant sought to avail himself of the foreign statute, and in effect pleaded he had been in the foreign jurisdiction the prescribed period, so that he could have been served with process, *held,* the answer was sufficient although no facts were stated showing the statute to be one that affected the debt, rather than the remedy

(Argued and determined at the October Term, 1888.)

APPEAL from the district court, Lawrence county; Hon. CHAS. M. THOMAS, Judge.

This was an action upon two promissory notes, declared upon separately. They were both executed at Milwaukee, Wisconsin, and payable on demand. One was made September 27, 1876, the other November 1, 1876. There was an allegation in each count of the complaint that the defendant had resided at Milwaukee continuously from the giving of the note till some time in the year 1885. The action was commenced September 14, 1886.

In answer to each cause of action, the defendant alleged the execution and delivery of the note at Milwaukee, Wisconsin, its being payable on demand, his residence there, and that he could have been served with process in that state at any time from the giving of the note until August, 1884. No question as to the sufficiency of the allegations in these respects was made.

It was contended by appellants that the statute of limitations of Wisconsin did not extinguish the debt, merely affected the remedy, but that, if it did extinguish the debt, it was not so pleaded. The allegations of the answer with reference to the statute of that state were, that the plaintiffs allowed said note to run until a time in which an action thereon could be maintained in said state had expired ; that plaintiff's cause of action was long before defendant removed from said state lost and barred by the

statute of limitations of said state, and does not now exist, as by the statute of said state it is provided that actions on obligations of the kind sued on in this action can only be commenced and maintained within six years after the cause of action has accrued, which statute defendant alleges on information and belief was, at the time of the execution and delivery of said note, and ever since has been, and now is, in full force and effect.

The defendant demurred to the answer on the ground that it did not state facts sufficient to constitute a defense to either of the notes. The demurrer was overruled; the plaintiffs electing to stand upon it, the action was dismissed and the plaintiffs appealed.

The Wisconsin statute is as follows: "The following actions must be commenced within the periods hereinafter prescribed after the cause of action has accrued." R. S., § 4219. This section applies to the instruments in suit, the period prescribed being six years.

*Martin & Mason*, for appellant.

The general rule is that where the statute of limitations is pleaded the *lex fori* governs. Wood, Limitations, § 8, n. 4; 2 Pars. Cont. 590; Townsend v. Jemison, 9 How. 407; United States v. Donnelly, 8 Pet. 361; Nash v. Tupper, 1 Cai. 402; Lincoln v. Battelle, 6 Wend. 475; Andrews v. Heriot, 4 Cow. 508, n.; Carpenter v. Wells, 21 Barb. 594; McCord v. Woodhall, 27 How. Pr. 54; Power v. Hathaway, 43 Barb. 214; LeRoy v. Crowninshield, 2 Mason, 151; Medbury v. Hopkins, 3 Conn. 472; Pearsall v. Dwight, 2 Mass. 87; Bryne v. Crowninshield, 17 id. 55; Hale v. Lawrence, 21 N. J. L. 714; Decouche v. Savetier, 3 Johns. Ch. 190; Wilcox v. Williams, 5 Nev. 206; State v. Swope, 7 Ind. 91; Haggertt v. Emerson, 8 Kan. 264; Bruce v. Luck, 4 G. Gr. (Ia.) 143; Swickard v. Bailey, 3 Kan. 505; 2 Jones, Mortg., § 1203.

This rule applies even though the action was barred in the state where it arose before the debtor removed therefrom. Wood, 18, n. 21; Ruggles v. Keeler, 3 Johns. 263; Bulger v. Roche, 11 Pick. 36; Sloan v. Waugh, 18 Ia. 224; LeRoy v. Crowninshield, 2 Mason, 151; Hale v. Lawrence, 21 N. J. L. 742; Williams v. Jones, 13 East, 439; Decouche v. Savetier, 3

Johns. Ch. 218; Loveland v. Davidson, 3 Pa. L. J. 377; Star W. Co. v. Mathison, 3 Dak. 237.

There are but two exceptions to the rule: (1) When the statute where the contract was made extinguishes the debt. Wood, 22; and (2) Where the *lex fori* provides that an action shall not be maintained where it is barred in the state where it arose. The Wisconsin statute does not extinguish the debt. R. S., §§ 4219, 4243, 4247.

If it did extinguish the debt, the pleading demurred to does not show it to be the case. Bliss Pl., § 183. There is no statute here covering the second exception, hence the *lex fori* governs.

*G. G. Bennett,* for respondent.

The general rule is correctly stated by appellants, but where the statute of the state where the contract was made extinguishes the debt itself, instead of merely affecting the remedy, and the parties have resided there during the period of limitation, it is a good defense in a foreign jurisdiction. Gaus v. Frank, 36 Barb. 323; Shelby v. Guy, 11 Wheat. 361; Townsend v. Jemison, 9 How. 419; McMerty v. Morrison, 62 Mo. 143; Story, Confl. Laws, §§ 582b, 582c; Angell, 63, n. 1; Wood, 19.

The Wisconsin statute extinguished the debt. Sprecher v. Mackly, 11 Wis. 432; Hill v. Krickle, id. 442; Knox v. Cleveland, 13 id. 247; Brown v. Parker, 28 id. 21; Angell, 63, n. 1; Shelby v. Guy, 11 Wheat. 361; Wires v. Farr, 25 Vt. 41; Davis v. Minor, 1 How. (Miss.) —; Stipp v. Brown, 2 Carter (Ind.), 647. The construction given this statute in Wisconsin is to control here. Elmendorf v. Ferry Co., 10 Wheat. 160; Smith v. Coudry, 1 How. 28; McMerty v. Morrison, 62 Mo. 140.

The answer sufficiently alleged the facts showing that the Wisconsin statute was a bar to this action.

By the COURT:

This case is affirmed, the court being of opinion (1) that the debt of the plaintiffs is barred by the statute of Wisconsin; (2) that the answer of the defendant is sufficient to allow the defendant to prove the defense. All the justices concur.