(Opinion published 55 N. W. Rep. 745.)

---

FRANK A. WAY *vs.* CHARLES H. COLYER.

Submitted on briefs May 31, 1893.    Affirmed June 28, 1893.

**Set-Off in Action on a Judgment.**

In an action on a judgment, by an assignee thereof, the defendant may set off an indebtedness of the assignor, the original judgment creditor, to him, existing at the time of the assignment.

**Statute of Limitation of Actions against Nonresident Debtor.**

As respects promissory notes made in a foreign state by a resident thereof, the statute of limitations of this state does not bar an action against the maker, in the absence of proof that he had become a resident of this state. The action is not barred by the law of the foreign state, in the absence of proof of the foreign law.

Appeal by plaintiff, Frank A. Way, from an order of the District Court of Traverse County, *C. L. Brown,* J., made September 28, 1892, denying his motion for a new trial.

Wilson E. Thing recovered judgment August 22, 1887, against the defendant, Charles H. Colyer, in the. Circuit Court of Pierce County, Wisconsin, for $1,325.74. On October 18, 1887, Thing assigned this judgment to Benjamin F. Way, and he on January 5, 1891, assigned it to Frank H. Way, the plaintiff. Wilson E. Thing on March 4, 1879, made and delivered to Charles H. Colyer his four promissory notes for $300 each, due in June and November, 1880, and bearing interest at the rate of ten per cent. a year, on each of which $135.82 was paid October 23, 1882. Colyer transferred these notes to Seth Lyons as collateral security, and did not own or hold them when the action against him in Wisconsin was commenced, or when the judgment was rendered, but he subsequently reacquired and owned them before Thing assigned the judgment to Benjamin F. Way.

Frank A. Way commenced this action in 1891 upon the judgment, to recover of Colyer the amount due on it. Colyer answered, setting up the notes as set-off, and stating that Thing resided in Wisconsin when the notes were given. The issues were tried before the court without a jury. Findings were made and filed, and judgment ordered for defendant. The sixth finding of the court was, that on or about October 16, 1887, Thing agreed with Colyer to satisfy and discharge the judgment, in payment of the four notes. Plaintiff moved for a new trial, and being denied, appeals.

*J. Bohmbach,* for appellant.

*W. H. Townsend,* for respondent.

DICKINSON, J. This is an action upon a judgment recovered by one Thing against this defendant, in the state of Wisconsin, in August, 1887. In October, 1887, Thing assigned the judgment to one Benjamin F. Way, and in January, 1891, the latter assigned it to this plaintiff. In 1879, in the state of Wisconsin, Thing executed to this defendant his promissory notes for considerable sums, payable at different times in the year 1880, and which have never been fully paid. The defendant held these notes against Thing when the latter assigned his judgment to Way. In this action the

defendant pleaded these notes as a set-off, and this defense was sustained by the court.

We hold, in accordance with the ruling of the court below, that this indebtedness of Thing to the defendant on the notes, existing at the time of the assignment of the judgment, was allowable as matter of set-off, to defeat a recovery in this action. The assignment of the judgment was, as the statute declares, "without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment." 1878 G. S. ch. 66, § 27. The assignee acquired the judgment subject to any set-off or other defense which would have been available to the judgment debtor as against the assignor, the original judgment creditor. *Brisbin* v. *Newhall,* 5 Minn. 273, (Gil. 217.) And see *La Due* v. *First Nat. Bank of Kasson,* 31 Minn. 33, (16 N. W. Rep. 426.) If Thing, without having assigned his judgment, had prosecuted an action like this, to recover on the judgment, the defendant would have been allowed to set off the counter indebtedness of the former on his promissory notes then held by the defendant. Such a counterclaim would have been authorized, within the terms of our statute. "In an action arising on contract, any other cause of action, arising also on contract, and existing at the commencement of the action." 1878 G. S. ch. 66, § 97, subd. 2; *Taylor* v. *Root,* *43 N. Y. 335; s. c. 4 Abb. App. Dec. 382. The action on the judgment is, within the meaning of the statute, an action arising on contract, a judgment being a contract of record. 1 Chit. Cont. (11th Amer. Ed.) 2, 3; *Taylor* v. *Root, supra; O'Brien* v. *Young,* 95 N. Y. 428, 436, 437.

If the right of action on the notes had become barred by any statute of limitations, that was a matter of defense, to be established by the party opposing the asserted claim of liability on the notes. *Trebby* v. *Simmons,* 38 Minn. 508, (38 N. W. Rep. 693.) These notes were made in Wisconsin, and it is sufficiently apparent that the maker, Thing, resided there. He does not appear to have ever become a resident of this state. Hence it is not apparent that the right of action on them has been barred by our statute of limitations. *Smith* v. *Glover,* 44 Minn. 260, 265, (46 N. W. Rep. 406;) *Hoyt* v. *McNeil,* 13 Minn. 390, (Gil. 362;) *Fletcher* v. *Spaulding,* 9 Minn. 64, (Gil. 54.) Neither does the cause of action appear to have been

barred by any statute of the state of Wisconsin, for no statute of that state was pleaded or proved. *Hoyt* v. *McNeil, supra.*

The conclusions above indicated are decisive of the case. While the sixth finding of the court was probably not justified by the evidence, as it appears in the record, it becomes immaterial, in view of the other defense or set-off, to which we have more particularly referred.

Order affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 55 N. W. Rep. 744.)