THE COLONIAL & UNITED STATES MORTGAGE COMPANY, LIMITED, V. ALEX. D. FLEMINGTON AND GEORGE SCHALLER.

Opinion filed May 1, 1905.

**Statute of Limitations in Mortgage Foreclosure — Suspension of Statute.**

1. An action to foreclose a mortgage is an action in personam, and comes within the operation of section 5210, Rev. Codes 1899, which excepts from the period limited for commencing an action the time during which the person against whom the cause of action accrued is absent from the state.

**Foreclosure of Mortgage May Be Barred Although the Mortgage Debt Is Not Outlawed.**

2. An action to foreclose a mortgage on real property is a remedy distinct from the remedies by which the creditor may enforce the personal obligation for the debt secured by the mortgage, and may become barred by the statute of limitations, even though the debt is not outlawed.

**Mortgage Foreclosure — Failure to Appoint Administrator Does Not Bar Deceased Mortgagor's Heirs from Pleading Statute of Limitations.**

3. The failure to appoint an administrator of the estate of the deceased mortgagor and debtor does not prevent the statute of limitations from running in favor of the mortgagor's heirs against an action to foreclose the mortgage.

**Mortgagor's Grantee May Plead Statute of Limitation Although the Mortgage Debt Is Neither Barred Nor Discharged.**

4. Although the property passed to the defendant's grantor subject to the mortgage, and was in equity the primary fund for the payment of the mortgage debt, that doctrine cannot be extended so as to prevent the defendant from availing himself of the statute of limitations as a defense against an action to foreclose the mortgage, even though the debt is neither discharged nor barred as against the debtor.

**Mortgage Foreclosure — Statute of Limitations Barred as to Portion of Land.**

5. The mortgagor died intestate, seized of the mortgaged land, before the mortgaged debt was due, and left four heirs, only one of whom was a resident of the state. No administrator was ever appointed. Nearly fourteen years after the debt was due the heirs conveyed the land to defendant. *Held,* that an action to foreclose the mortgage was barred as to one-fourth of the land, but was not barred as to the remaining three-fourths.

Young, J., dissenting.

Appeal from District Court, Dickey county; *Lauder, J.*

Action by the Colonial & United States Mortgage Company, Limited, against Alex. D. Flemington and George Schaller. Judgment for defendants, and plaintiff appeals.

Reversed.

*Newman, Spalding & Stambaugh,* for appellant.

If mortgagor dies before the cause of action accrues, the statute of limitations will not begin to run against the debt before the appointment of an administrator, as, until that time, there is no one to be sued and the cause of action cannot accrue. Etter v. Finn, 12 Ark. 632; Hobart v. Turnpike Co., 15 Conn. 145; Andrews v. R. R. Co., 34 Conn. 57; Conyers v. Kennon, 1 Ga. 379; Sherman v. Western, etc., Co., 24 Iowa, 515; Toby v. Allen, 3 Kan. 399; Hull v. Deatley, 7 Bush. (Ky.) 687; Fishwick v. Sewell, 4 Harr. & J. 393; Ruff v. Bull, 7 Harr. & J. 14, 16 Am. Dec. 290; Sewell v. Valentine, 6 Pick. 276; Wood v. Ford, 29 Miss. 57; Polk v. Allen, 19 Mo. 467; Davis v. Garr, 6 N. Y. 124, 55 Am. Dec. 387; Sanford v. Sanford, 62 N. Y. 555; Marsteller v. Marsteller, 93 Pa. St. 350; Pittsburg R. R. Co. v. Hein, 25 O. St. 629; Swan v. Lindsay, 70 Ala. 507; Brenner v. Quick, 88 Ind. 546; City of Fort Wayne v. Hamilton, 132 Ind. 487, 32 N. E. 324, 32 Am. St. Rep. 263. In this state, at least, not until one year after the issuing of letters. Section 5212, Rev. Codes 1899.

No obligation rests on mortgagee to procure appointment of an administrator. Benjamin v. DeGroat, 1 Denio, 151; Davis v. Garr, 6 N. Y. 124, 55 Am. Dec. 387.

No laches can be imputed to the creditor for failure to apply for letters of administration; the statute suspending the operation of the statute of limitations is absolute without regard to length of suspension period. Danglada v. De La Guerra, 10 Cal. 387; Smith v. Hall, 19 Cal. 85; Scoville v. Scoville, 30 How. Pr. 246; Gallup v. Gallup, 11 Metc. (Mass.) 445; Hobart v. Turnpike Co., 15 Conn. 145; Hibernia S. & L. Society v. Herbert, 53 Cal. 373; Casey v. Gibbons, 68 Pac. 1032; Fishwick v. Sewell, 4 H. & J. 393; Bockwell v. Young, 60 Md. 563; Murray v. East India Co., 5 Barn. & Ald. 204.

The statute of limitations cannot be pleaded by a subsequent grantee subject to the mortgage until both the debt and mortgage

are barred. Rev. Codes, section 4694; Waterson v. Kirkwood, 17 Kan. 9; Schmucker v. Siebert, 18 Kan. 104, 26 Am. Rep. 765; Cross v. Allen, 141 U. S. 528, 35 L. Ed. 843, 12 Sup. Ct. Rep. 67; Ewell v. Daggs, 108 U. S. 143, 27 L. Ed. 682; Eborn v. Cannon, 32 Tex. 244; McKean v. James, 87 Tex. 194; Mahon v. Cooley, 36 Iowa, 479; Jones on Mortgages, section 1204; Coe v. Finlayson, 26 So. 704; Willis v. Farley, 24 Cal. 491; N. Y. Life Ins. Co. v. Covert, 6 Abb. N. S. 154; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 408; Herndt v. Porterfield, 9 N. W. 322.

The premises descended charged with the mortgage debt, and became the primary fund for its payment, which could not, to the amount that could be made out of the land, be paid from the assets of the estate. Comp. Laws, section 4367; Jummel v. Jummel, 7 Paige, 591; Halsey v. Reed, 9 Paige, 446; Johnson v. Corbett, 11 Paige, 265.

Where one purchases the equity of redemption by quitclaim deed, for a nominal consideration and without special contract, the amount paid is presumed to be the purchase price of the property less the mortgage, which the purchaser must discharge. Jones on Mortgages, section 763; Ins. & Trust Co. v. Covert, 6 Abb. Pr. (N. S.) 154 (Ct. of App.).

Where the purchaser takes the premises subject to a mortgage, the land continues in his hands a primary fund for the payment of the debt, and, to the extent of the value of the land, he becomes the principal debtor. Johnson v. Zink, 51 N. Y. 333; Sands v. Church, 6 N. Y. 347; Hartley v. Harrison, 24 N. Y. 170; Freeman v. Auld, 44 N. Y. 50; Insurance Co. v. Nelson, 78 N. Y. 137; Bennett v. Bates, 94 N. Y. 354; Murray v. Marshall, 94 N. Y. 611; Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90; Horton v. Davis, 26 N. Y. 495; Fuller v. Hunt, 48 Iowa, 163; Tice v. Annin, 2 Johns. Ch. 125; Palmer v. Butler, 36 Iowa, 576; Sanger v. Nightingale, 122 U. S. 176, 30 L. Ed. 1105.

The land being in the hands of the defendant, Flemington, the primary fund for the payment of the debt secured by the mortgage, and he, having purchased subject to the mortgage, cannot plead the statute of limitations. Hyer v. Pruyn, 7 Paige Ch. 465, 34 Am. Dec. 355; Hughes v. Edwards, 9 Wheat. 489, 22 U. S. 489, 6 L. Ed. 142; Waterson v. Kirkwood, 17 Kan. 9; Schmucker v. Siebert, 18 Kan. 104, 26 Am. Rep. 765; Life Ins. & Trust Co. v. Covert, 6 Abb. Pr. N. S. 154; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. 9. 418.

*Charles M. Stevens* and *E. E. Cassels,* for respondent.

Where the mortgagor died before the cause of action accrued, the running of the statute is not suspended because there is no one to be sued on the claim against the decedent. 19 Am. & Eng. Enc. Law (2d Ed.) 220. The statute of limitations began to run from the time the appellant might have perfected his right to sue, or at least within a limited time thereafter. 19 Am. & Eng. Enc. Law (2d Ed.) 103; Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. Rep. 466; Amy v. City of Watertown, 130 U. S. 320, 9 L. Ed. 537; Wright v. Paine, 62 Ala. 340, 34 Am. Rep. 24; Massie v. Byrd, 87 Ala. 72, 6 So. 145; Newsom v. Board of Com'rs, 103 Ind. 526, 3 N. E. 163; Nelson v. Board of Com'rs of Posey County, 105 Ind. 287, 4 N. E. 703; Prescott v. Gonser, 34 Iowa, 175; Lower v. Miller, 66 Iowa, 408, 23 N. W. 897; Hintrager v. Traut, 69 Iowa, 746, 27 N. W. 807; Great Wes. Tel. Co. v. Purdy, 83 Iowa, 430, 50 N. W. 45; First National Bank v. Greene, 64 Iowa, 445, 17 N. W. 86; Squire v. Parks, 56 Iowa, 407, 9 N. W. 324; Hintragen v. Hennessey, 46 Iowa, 600; Ball v. Keokuk & N. W. Ry. Co., 62 Iowa, 751, 16 N. W. 592; Bauserman v. Charlott, 46 Kan. 480, 29 Pac. 1051; Fox v. First Nat. Bank of Atchison, 9 Kan. App. 18, 57 Pac. 241; Cottrell v. Manlove, 58 Kan. 405, 49 Pac. 519; Travelers Insurance Co. v. Stucki, 4 Kan. App. 424, 46 Pac. 42; Rork v. Board of County Com's of Douglas County, 46 Kan. 175, 26 Pac. 391; Atchison, T. & S. F. R. Co. v. Burlingame Tp., 36 Kan. 622, 14 Pac. 271; Palmer v. Palmer, 36 Mich. 487, 24 Am. Rep. 605; Smith v. Smith's Estate, 91 Mich. 7, 51 N. W. 694; Litchfield v. McDonald, 35 Minn. 167, 28 N. W. 191; State v. Norton, 59 Minn. 424, 61 N. W. 458.

Failure to proceed diligently to secure the appointment of an administrator renders the holder of the mortgage guilty of laches, and his right to foreclose is barred, the statute of limitations having run. 10 Am. & Eng. Enc. Law (2d Ed.) 219, 220, 221; Bauserman v. Charlott, 46 Kan. 380, 26 Pac. 1051; Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. Rep. 466; Culp v. Culp, 51 Kan. 341, 32 Pac. 1118, 21 L. R. A. 550.

The successor in interest of the heirs of the decedent mortgagor may plead the statute of limitations against the foreclosure of the mortgage. 13 Am. & Eng. Enc. Law (2d Ed.) 798; Emory v. Keighan, 94 Ill. 543.

ENGERUD, J.   On November 23, 1883, William R. Carey made and delivered to the plaintiff a mortgage of a quarter section of land owned by him in Dickey county, to secure the payment of his promissory note to the plaintiff, of even date, for $353, due November 1, 1888, bearing interest at the rate of 6½ per cent per annum, and to secure five coupon notes for the annual interest on the principal note.   The coupon notes bear interest at the rate of 12 per cent per annum after maturity.   The mortgagor died intestate in September, 1888, seized of the mortgaged land, and left surviving him, as sole heirs, four daughters, Laura Franke, Louisa Atherton, Sophronia D. Schafer and Alice J. Rose.   Mrs. Rose is now, and has been since her father's death, a resident of this state, but the other three daughters have at all times resided in the state of Illinois.   Letters of administration have never been applied for or issued on the estate of the deceased mortgagor.   In June, 1902, the four heirs joined in a deed of the mortgaged land to the defendant and respondent, Alexander Flemington, and said deed was recorded August 14, 1902.   On March 28, 1902, the plaintiff commenced this action against Flemington and one Schaller to foreclose said mortgage.   Schaller made no answer, and it appears that he claims no right to the land.   The only defense was the statute of limitations, and that defense was sustained by the trial court.   The plaintiff has appealed from the judgment dismissing the action, and demands a retrial of all the issues under section 5630, Rev. Codes 1899.

Many of the questions arising in this case have been disposed of by the opinion just handed down in Colonial & United States Mortgage Co. v. Northwest Thresher Co., 103 N. W. 915.   We there held that an action to foreclose a mortgage of real property was not one in rem, but was in personam against those interested in the mortgaged property adversely to the mortgage, and hence, under section 5210, Rev. Codes 1899, the absence from the state of the person against whom the cause of action accrued tolled the statute as to him during his absence.   We also held that the right to foreclose the mortgage might be barred, even though the debt existed, and the remedies for the collection of the debt from those personally liable therefore were not barred.

In this case, as in the Thresher Co. case, the appellant contends that the land passed to the heirs subject to the mortgage, and therefore became a primary fund for the payment of the mortgage

debt for the protection of the estate of the deceased mortgagor against liability for the debt, and hence neither the heirs nor their grantee could plead the statute as long as the debtor's estate is liable on the debt. For the reasons stated in the case cited, this contention is overruled. It is therefore immaterial to this case to determine what effect the failure to have an administrator appointed had upon the right of the mortgagee to collect the debt from the estate of the deceased debtor.

Both parties agree that the heirs were necessary parties defendant in an action to foreclose this mortgage, if the action had been commenced before the conveyance to respondent. The four heirs succeeded to the deceased mortgagor's title before the mortgage debt was due, and held the title continuously from that time until June, 1902. The cause of action accrued in November, 1888. As to the undivided one-fourth of the land which descended to Alice J. Rose, the statutory bar was complete in November, 1898. The absence from the state of the other three heirs prevented the statute from running in their favor as to the undivided three-fourths of the land which they inherited.

It follows that the respondent's plea must be sustained as to an undivided one-fourth of the land, and that the appellant is entitled to the relief demanded to the extent of the remaining three-fourths of the land. There being no dispute as to the facts, it is a mere matter of computation to determine the amount due on the mortgage. Interest will be computed on the principal note from November 1, 1888, at the rate of $6\frac{1}{2}$ per cent per annum, simple interest, without annual rests. In the absence of a provision to the contrary, the note bears the same rate after maturity as before. Rev. Codes 1899, section 4068. The provision that the interest is payable annually only relates to the interest accruing before maturity. Interest on the three unpaid coupons will be computed in like manner at the rate of 12 per cent per annum from the maturity of the respective coupons. To the amount due on the note and coupons will be added the sums paid by the plaintiff for taxes on said premises as set forth in the complaint, and interest will be computed on the several sums so paid from the dates of the respective payments at the rate of $6\frac{1}{2}$ per cent per annum. The appellant is entitled to the taxable costs and disbursements of both courts against respondent.

The cause is remanded to the district court, which will set aside the judgment appealed from, and render a judgment in accordance with this opinion.

MORGAN, C. J., concurs.

YOUNG, J. (dissenting). In my opinion, this action is not barred. The action is in personam. We are agreed that the provisions of the statute which suspend the running of the statute of limitations upon the death or absence of the person against whom the cause of action accrued apply with the same force and effect to actions to foreclose a real estate mortgage as to other personal actions. The mortgagor's note was due November 1, 1888. Had he been alive and residing in the state upon that date, and defaulted in paying the note, a cause of action would have accrued against him, and the statute would have commenced to run against all remedies to enforce payment, including the present action. The record shows, however, that he died in September preceding the maturity of the note, and that no administrator has been appointed. The statute of limitations has not, therefore, commenced to run, and this action is not barred. It is well settled that a cause of action which has not accrued prior to the debtor's death does not accrue within the meaning of the statute of limitations and start the statute running until a personal representative is appointed. The rule that "the statute of limitations does not begin to run when no administration exists on the decedent's estate at the time the cause of action accrued" may, I think, be said to be of general application. Benjamin v. DeGroot, 1 Denio (N. Y.) 151; Davis v. Garr, 6 N. Y. 124, 55 Am. Dec. 387; Sanford v. Sanford, 62 N. Y. 555; Bucklin v. Ford, 5 Barb. (N. Y.) 393; Weitman v. Thiot, 64 Ga. 11; Hobart v. Turnpike Co., 15 Conn. 145; Marsteller v. Marsteller, 93 Pa. 350; Murray's Adm'r v. East India Co., 5 Barn. & Ald. 204; Danglada v. De La Guerra, 10 Cal. 386; Smith v. Hall, 19 Cal. 85; In re Bullard's Estate, 116 Cal. 355, 48 Pac. 219.

Defendant's counsel contend that, inasmuch as the plaintiff could have procured the appointment of an administrator, it was its duty to do so within a reasonable time and thus start the running of the statute, and, not having done so, it is guilty of laches, and may not say that the statute has not run. This position was sustained by the Supreme Court of Kansas in Bauserman v.

Charlott, 46 Kan. 480, 26 Pac. 1051; s. c., 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316. See, also, Culp v. Culp, 51 Kan. 341, 32 Pac. 1118, 21 L. R. A. 550. The weight of authority is against this view. It is held generally, and the reason is satisfactory, that, inasmuch as the statute imposes no such obligation, the courts have no right to add it. See cases cited supra; also Scovil v. Scovil, 30 How. Prac. (N. Y.) 246; Gallup v. Gallup, 11 Metc. (Mass.) 445; Hibernia Society v. Herbert, 53 Cal. 375; Casey v. Gibbons (Cal.) 68 Pac. 1032; Fishwick's Adm'r v. Sewell (Md.) 4 Har. & J. 393; Rockwell v. Young, 60 Md. 563.

The majority opinion assumes that the cause of action accrued against the several heirs of the mortgagor; that the statute therefore commenced to run; that it was suspended as to the three heirs who were absent from the state, and that as to them the action is not barred; that it was not suspended as to the heir residing in the state, and as to her the action is barred. The assumption that the cause of action accrued against the heirs is, in my opinion, entirely erroneous. It is true the title to the mortgaged premises passed to the heirs upon the mortgagor's death, but it was the title only which passed to them. The obligation of the mortgagor did not pass. The mortgagor's obligation, which this action is brought to enforce, did not by his death become their obligation, and they have not made it their obligation. They merely succeeded to his title, subject, as it was in him, to the plaintiff's mortgage. The mortgage debt is not their debt, and they do not owe the obligation which the plaintiff is seeking to enforce. They have made no default, and it cannot properly be said, therefore, that the cause of action accrued against them. They are merely parties to the action brought to enforce the obligation of the mortgagor. The statute does not take account of parties to an action as such in fixing the time when the statute commences to run or when it is suspended, but rather the person or persons against whom the cause of action accrues, and the heirs are not the persons against whom the cause of action accrued. Substantially the same question was involved in Colonial & U. S. Mortgage Co. v. Northwest Thresher Co., 103 N. W. 915, in which the opinion has just been handed down. My views are there stated at length in a dissenting opinion, and need not now be restated. I may say, however, that the rule, as applied by the majority, in this case goes further and is more objectionable than in the case

referred to. In that case it was held that a mortgagee whose mortgage was recorded was bound at his peril to know that subsequent transfers had been made by the mortgagor, who the grantees were, and, in effect, where they resided. The rule, as applied in this case, charges mortgagees with immediate knowledge of the mortgagor's death, whether he died testate or intestate, and, if intestate, whether he left heirs, and, if so, how many and where they reside, and, if absent from the state, the correct dates of their departure and return. If he is ignorant of the fact, as he usually will be, or is mistaken as to the fact, as he often must be, he forfeits his security to those whose interests in the mortgaged premises are subordinate to his interest. This considered either as a rule of law or of duty, is, in my opinion, indefensible.

The statute not having run, the judgment of the trial court should be reversed, and judgment entered for the plaintiff as prayed for in its complaint.