# ROBERT J. PRATT v. EDWARD PRATT.

(151 N. W. 294.)

**Cause of action — accrued — defendant out of state — statute of limitations — local — foreign.**

1. Section 6796, Rev. Codes 1905, which provides that "if, when the cause of action shall accrue against any person . . . such person shall depart from and reside out of this state and remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action," is applicable to an action brought in the state of North Dakota for money loaned to the defendant while a resident of said state, even though the defendant had resided outside of the state for more than six years, and even though, if the action had been brought in the foreign state, the bar of a foreign statute of limitations might have been interposed.

**Evidence — facts undisputed — statute of limitations — application — question for court.**

2. Where there is no real dispute in the evidence as to the facts, the question as to whether the statute of limitations has run or not is one for the court, and not for the jury, to pass upon.

**Denominational disputable presumptions — foreign law — presumed to be the common law — must be pleaded and proved when relied upon — otherwise presumption prevails.**

3. In the denominational disputable presumptions mentioned by the Code is one to the effect "that a foreign law will be presumed to be the common law in the absence of rebutting evidence." See ¶ 41, § 7936, Compiled Laws of 1913.

---

Note.—As to when statute of limitations will govern action in another state or country, see note in 48 L.R.A. 625.

Applicability of provision that time during which defendant is a nonresident shall not be computed, to defendant who was a nonresident when cause of action accrued, is the subject of a note in 34 L.R.A. (N.S.) 436.

For the general question of presumption as to law of other state or country, see notes in 21 L.R.A. 471, and 67 L.R.A. 33.

Both under this statute and under the decisions of the courts, the statute of limitations of a foreign state, if sought to be relied upon, must be not only pleaded, but proved, and in the absence of such pleading and proof the presumption of the existence of the common law applies.

**Common law — limitations — actions.**

4. At the common law there was no stated or fixed time as to bringing of actions, and in the absence of a statute the action might be commenced at any time.

Opinion filed February 12, 1915.

Appeal from the County Court of Cass County, *Hanson, J.*

Action to recover for money loaned. Judgment for plaintiff. Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

This action was commenced by the service of summons and complaint and garnishee summons. The complaint set up a cause of action for money loaned and goods, wares, and merchandise furnished by the plaintiff to the defendant on the 5th day of February, 1891, and the 8th day of July, 1892. A general denial was interposed and a plea of the bar of the statute of limitations. The garnishee appeared and disclosed a liability in the sum of $441.56 before the trial of the action, and on the 31st day of January, 1913. The plaintiff served upon the defendant a bill of particulars. On the trial a verdict was returned for the plaintiff and judgment entered thereon, and defendant has appealed from said judgment to this court.

*A. C. Lacy,* for appellant.

Where a cause of action is barred by the statute of limitations of a foreign state, the bar is available here. Rathbone v. Coe, 6 Dak. 91, 50 N. W. 620; Allen v. Allen, 95 Cal. 184, 16 L.R.A. 646, 30 Pac. 213; Fletcher v. Spaulding, 9 Minn. 64, Gil. 54; Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162; Rev. Codes 1905, § 6785.

It must be presumed, in the absence of evidence to the contrary, that the laws of another state are the same as ours. Marsters v. Lash, 61 Cal. 624; Tolman v. Smith, 85 Cal. 280, 24 Pac. 744; Osborn v.

Blackburn, 78 Wis. 209, 10 L.R.A. 367, 23 Am. St. Rep. 400, 47 N. W. 175; Allen v. Allen, 95 Cal. 184, 16 L.R.A. 646, 30 Pac. 213.

The court erred in denying defendant's motion for a directed verdict. Rathbone v. Coe, 6 Dak. 91, 50 N. W. 620; Allen v. Allen, 95 Cal. 184, 16 L.R.A. 646, 30 Pac. 213; Fletcher v. Spaulding, 9 Minn. 64, Gil. 54; Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162; Rev. Codes 1905, § 6786.

In pleading the statute of limitations it is not necessary to state the facts showing such defense, but it may be generally stated that the cause of action is barred. Allen v. Allen, 95 Cal. 184, 16 L.R.A. 646, 30 Pac. 213; Searls v. Knapp, 5 S. D. 325, 49 Am. St. Rep. 873, 58 N. W. 807.

*Pollock & Pollock,* for respondent.

An action upon a contract, obligation, or liability, express or implied, must be commenced within six years. Rev. Codes 1905, § 6787, subdiv. 1. But if, when the cause of action accrues, the defendant departs from and resides out of the state, and is continuously absent himself from the state for one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action. Rev. Codes 1905, § 6796; amended by chap. 192, Session Laws, 1911; Star Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107; Paine v. Dodds, 14 N. D. 189, 116 Am. St. Rep. 674, 103 N. W. 931; Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160; Colonial & U. S. Mortgage Co. v. Flemington, 14 N. D. 181, 116 Am. St. Rep. 670, 103 N. W. 929; Note to Moore v. Armstrong, 36 Am. Dec. 74; McConnell v. Spicker, 15 S. D. 98, 87 N. W. 574; 25 Cyc. 1232, and note 89.

It is possible that if plaintiff had sued upon the claim in the state of Washington where defendant had resided for more than six years, or a sufficient length of time to bring himself within the Washington limitation statute, such statute might apply. 25 Cyc. 1240; Rhoton v. Mendenhall, 17 Or. 199, 20 Pac. 49.

The fact that the debtor is subject to process in another state, or that the bar of the statute of another state might attach so that an action could not there be maintained, does not bar an action in this

state, where the right of action accrued. Rev. Codes 1905, §§ 6787, 6796, amended by chap. 192 of Session Laws 1911.

In this state, where the cause of action accrued and where suit is brought, the statute of the forum runs only from the time defendant comes into the jurisdiction of the forum. 25 Cyc. 1240, note 26; Brown v. Nourse, 55 Me. 230, 92 Am. Dec. 583; Bulger v. Roche, 11 Pick. 36, 22 Am. Dec. 359; Blackburn v. Blackburn, 124 Mich. 190, 83 Am. St. Rep. 325, 82 N. W. 835; Hartley v. Crawford, 12 Neb. 471, 11 N. W. 729; Miller v. Brenham, 68 N. Y. 83; Ruggles v. Keeler, 3 Johns. 263, 3 Am. Dec. 482.

Where the facts are not disputed it is a question of law only, whether the case is within the bar of the statute. Reed v. Swift, 45 Cal. 255; Clarke v. Dutcher, 9 Cow. 674; Chapin v. Warden, 15 Vt. 560; 25 Cyc. 1434, note 2.

BRUCE, J. (after stating the facts as above). There are practically five specifications of errors of law and a specification that the facts are insufficient to sustain the verdict and judgment. These specifications may be reduced to one, and that is that the court erred in its ruling that the statute of limitations did not bar the plaintiff's cause of action, and the additional proposition that the court erred, at any rate, in not submitting to the jury the question as to whether such action was barred or not.

The last item charged was in July, 1892, and it is perfectly clear that the North Dakota statute would have run except for the undisputed fact that the defendant removed from the state in the fall of 1893, and has not since been a resident thereof, but since the 27th day of January, 1904, at any rate, has been a resident of the state of Washington. We do not understand that defendant and appellant seriously contends that such absence would not toll the running of the statute in North Dakota. In fact, no such contention can be made. Section 6787, Rev. Codes, 1905, being § 7375. Compiled Laws of 1913, provides that "an action upon a contract, obligation, or liability, express or implied, . . . must be commenced within six years." Section 6796, Rev. Codes 1905, as amended by chapter 192 of the Session Laws of 1911, being § 7384, Compiled Laws of 1913, provides that "if, when the cause of action shall accrue against any person . . .

such person shall depart from and reside out of this state and remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." There can, indeed, be no doubt that if the case is one in which the North Dakota statute is applicable, the action would not be barred. Star Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107; Paine v. Dodds, 14 N. D. 189, 116 Am. St. Rep. 674, 103 N. W. 931; Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 149, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160; Colonial & U. S. Mortg. Co. v. Flemington, 14 N. D. 181, 116 Am. St. Rep. 670, 103 N. W. 929; Note to Moore v. Armstrong, 36 Am. Dec. 74; McConnell v. Spicker, 15 S. D. 98, 87 N. W. 574; 25 Cyc. 1232, and note 89.

Defendant claims, however, that the residence of the defendant being concededly in Washington for the last six years, and the presumption being, in the absence of proof to the contrary, of which there is none in this case, that the statute of Washington is the same as that of North Dakota, that the action would have been barred if brought in the state of Washington, and that therefore it is barred here. There is no merit, however, in this contention. The cause of action accrued in North Dakota. After it had accrued the defendant left the state. The statute is clear that in such a case, and where the action is brought in the state where its cause originated, that the law of the forum, and not of the foreign state, will prevail.

Nor is there any merit in the contention that the question as to whether the statute of limitations had run or not was a matter for the jury, and not for the court, to decide. There is no real dispute in the evidence as to the facts in this case, and where such is the case, whether a claim is within the bar of the statute or not is a matter of law for the court to pass upon. Reed v. Swift, 45 Cal. 255; Clarke v. Dutcher, 9 Cow. 674; Chapin v. Warden, 15 Vt. 560; 25 Cyc. 1434.

We have read the cases cited by counsel for appellant, but find them by no means applicable. In the case of Rathbone v. Coe, 6 Dak. 91, 50 N. W. 620, the cause of action arose in the state of Washington, and during all of the period of the statute of limitations the defendant was a resident of that state. All that the court held was that "a statute of limitations of a foreign state, providing that an action on a note shall

be brought within a certain time after the cause of action has accrued, bars the debt itself, if the action is not brought within the time limited, and does not merely affect the remedy, and it may be pleaded in bar of an action brought on the note in Dakota, if, during the full period of limitation, defendant was a resident of the foreign state in which the note was executed, so that an action could have been brought against him therein." In the cases of Allen v. Allen, 95 Cal. 184, 16 L.R.A. 646, 30 Pac. 213; Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162, and Fletcher v. Spaulding, 9 Minn. 64, Gil. 54, the causes of action arose outside of the state of the forum.

So, too, there is in the case at bar no proof of the statute of limitations of the state of Washington, nor, in fact, that any such statute exists. Without such proof it is clear that no reliance can be placed thereon, and it is also clear that the legal presumption is not that the state of Washington has a statute of limitations similar to that of North Dakota, as is contended by counsel for appellant, but that the common law alone prevails there, and that the state of Washington has no statute upon the subject at all. Among the denominational disputable presumptions mentioned by the Code is one to the effect "that the foreign law will be presumed to be the common law in the absence of rebutting evidence." See ¶ 41, § 7936, Compiled Laws of 1913; Hanson v. Great Northern R. Co. 18 N. D. 324, 138 Am. St. Rep. 768, 121 N. W. 78. At the common law there was no stated or fixed time as to the bringing of actions, and in the absence of statute an action might be commenced at any time. People v. Gilbert, 18 Johns. 228; Wilcox v. Fitch, 20 Johns. 472; Pearsall v. Dwight, 2 Mass. 89, 3 Am. Dec. 35; Hoyt v. McNeill, 13 Minn. 390, Gil. 362. It is also quite well established that, even in the absence of such a statute in regard to presumptions, the statute of limitations of a foreign state must, if sought to be relied upon, be not only pleaded, but proved. Eingartner v. Illinois Steel Co. 94 Wis. 70, 34 L.R.A. 503, 59 Am. St. Rep. 859, 68 N. W. 664; Hoyt v. McNeill, 13 Minn. 390, Gil. 362; 13 Enc. Pl. & Pr. 277; Palmer v. Marshall, 60 Ill. 289.

The judgment of the District Court is affirmed.