OLAF WATNE, Respondent, v. J. J. RUE, Charles Rue, Milton Rue, Edwin Rue, Doing Business Under the Firm Name of J. J. Rue & Sons, Appellants.

(197 N. W. 766.)

**Trial — essential elements of verdict stated.**

1. A verdict must be certain, definite, intelligible, unambiguous, consistent and unconditional.

**Trial — where amount due on plaintiff's cause of action and defendants counterclaim both submitted, verdict must clearly show in whose favor balance rests.**

2. In a case where there is submitted to a jury both the question as to the amount, if any, due on plaintiff's cause of action, and the amount, if any due on defendant's counterclaim, the verdict must clearly show in whose favor the balance rests and the amount thereof.

**Trial — error to strike provision from verdict and rendered judgment on verdict as amended.**

3. In the instant case the plaintiff brought suit to recover upon a contract for certain sand and gravel furnished by him to the defendants. In the answer defendants admitted certain sand and gravel was furnished them by the plaintiff, but asserted by way of counterclaim, among other things, that the same was furnished under a contract whereby plaintiff agreed to furnish all sand and gravel necessary in the construction of a certain highway; that plaintiff breached such contract by refusing and failing to furnish the amount of gravel and sand agreed upon, and that as a result defendants were damaged in the sum of $510. Plaintiff denied that he had contracted as asserted by defendants, or that they were damaged as claimed. The issues presented upon the complaint, and upon the counterclaim were submitted to the jury. The jury returned the following verdict:

"We the jury in the above entitled action find in favor of the plaintiff and against the defendants in said action and assess plaintiff's damages at the sum of $326, with interest at the rate of 6% from the 17th day of August 1922 until paid; *and allow defendants sufficient sand and gravel to complete culverts and projects from pit now opened on plaintiff's farm for project now in question between Carpio and Foxholm FREE OF CHARGE.*"

On motion to set aside the verdict, the trial court ordered that the italicized

Note.—(1) Necessity of definiteness and certainty of verdict, see 27 R. C. L. 858; 4 R. C. L. Supp. 1769; 5 R. C. L. Supp. 1484.

portion of the verdict be stricken out and permitted the remainder of the verdict to stand, and entered judgment thereon. For reasons stated in the opinion such ruling is held erroneous.

Opinion filed February 29, 1924.

Trial, 38 Cyc. pp. 1879 n. 27 New; 1889 n. 48; 1891 n. 65; 1898 n. 15.

Appeal from the district court of Ward County, *Moellring, J.*

Defendants appeal from the judgment and from an order denying a motion to set aside the verdict and order a new trial.

Reversed.

*McGee & Goss,* for appellants.

When it becomes the duty of the jury to pronounce on issues of fact submitted to the jury for decision, the verdict should be the creature of sound judgment, dispassionate consideration and conscientious reflection. 22 Enc. Pl. & Pr. 854.

Where it is clear that the verdict of a jury is based on a compromise of the differences of opinions of its individual members it should be set aside. The law contemplates that the jurors shall by their discussions, harmonize their view if possible but not that they should compromise, divide, and yield for the mere purpose of an agreement. 22 Enc. Pl. & Pr. 855.

Conformity of the law. A verdict founded on an erroneous view of the law cannot be sustained. 22 Enc. Pl. & Pr. 861, note 2.

The verdict of a jury must conform to the issues of fact submitted to them. A verdict for part will not be sustained. 22 Enc. Pl. & Pr. 862.

A jury should remember that theirs is not the province of arbitrators but of jurors, and their finding must constitute a legal verdict on which the judgment of the court may rest. An arbitrary award, therefore, though it may address itself to the sense of justice of the parties is not a fulfilment of their duty as jurors unless it determines the actual issues involved. Ford v. Taggart, 4 Tex. 492; 22 Enc. Pl. & Pr. 862.

The verdict of a jury should not, as a rule, embrace the consideration of matters outside of and beyond those submitted to them. 22 Enc. Pl. & Pr. 864.

A verdict can legitimately find no fact that has not been put in

issue. 22 Enc. Pl. & Pr. 864 note, citing numerous cases including: Moriarty v. McDevitt, 46 Minn. 136; United States v. Stereoscopic Slides, 1 Sprague (U. S.) 467.

A verdict, in order to sustain a judgment, should respond to all the issues made by the pleadings. The general rule is, it has been said, that the verdict must comprehend the whole issue or issues submitted to the jury in the particular cause; otherwise the judgment founded on it should be reversed.

And the principle is the same, where the verdict does not find the whole of a single issue but only a part thereof, as where several issues are submitted and one or more ignored. 22 Enc. Pl. & Pr. 864–868 citing authorities.

It has been held that if the verdict does not respond to all the issues submitted the remedy is by motion for a new trial and not for a venire de novo.

A verdict should be definite and certain and free from ambiguity or obscurity. A verdict which is so uncertain that it cannot be clearly ascertained therefrom whether the jury meant to find the issue is bad.

A verdict which is founded on mere speculation or conjecture will be set aside. 22 Enc. Pl. & Pr. 861, 875, 877, 880. See also Johnson Bros. v. Glaspey, 16 N. D. 335, 113 N. W. 602; Holt v. Van Eps, 1 N. D. 207, 46 N. W. 689.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

It is a maxim of our jurisprudence that "acquiescence in error takes away the right of objecting to it." Comp. Laws, 1913, § 7250; Pyke v. Jamestown, 15 N. D. 157; Dring v. St. Lawrence Twp. 23 S. D. 624.

It is also a maxim of ours that he who consents to an act is not wronged by it. State v. Hays, 122 N. W. 652.

"Where a jury not only finds the issues submitted to it but embraces in its verdict a determination of other matters as well, the redundant portion will not as a rule avoid the rest, but may be rejected as surplusage, the verdict being sustained, but while a verdict will not be held void for surplusage where, if respective thereof, it contains sufficient to support a judgment, so far as it goes beyond the issues presented by the pleadings it is imperative and void." 22 Enc. Pl. & Pr. 977.

Where a purchaser of goods had left them with the vendor and the

latter recovers judgment for their value, the force of the verdict is not destroyed by the additional direction that plaintiff deliver them to defendant. Rawson v. McElvain, 13 N. D. 513.

The trial court had no right to refuse to receive such a verdict which responds to the issues and is sustained by sufficient evidence because it contains the words "and plaintiff to pay all costs." The question of costs is one of law for the court, and such words are mere surplusage. McEldon v. Patton (Neb.) 93 N. W. 938.

A verdict which responds to all the issues made by the pleadings should not be rejected on account of immaterial findings or recommendations superadded by the jury. State ex rel. Fuller v. Beal (Neb.) 67 N. W. 868.

The appellate court always presumes in the absence of error being specifically made to appear, that the findings and judgment of the lower court are regular and valid. Soanlon v. Rock (S. D.) 125 N. W. 638; Paxton v. Starkweather, 128 N. W. 479; Hannahs v. Provine, 133 N. W. 53.

CHRISTIANSON, J. The sole question presented on this appeal is whether the verdict of the jury is sufficient to warrant the judgment rendered thereon. The action is one to recover upon a contract.

The complaint alleges that the defendants are copartners and "that between the 1st day of July, 1922, and the 7th day of August, 1922, the above named plaintiff, furnished and hauled for the said defendants, gravel in the county of Ward and the State of North Dakota to the amount of 152 square yards and did haul and furnish said gravel to the said defendants, during said time and the said defendants agreed to pay to the plaintiff for said gravel and for hauling of said gravel, the sum of $3 per yard.

"That no part of said sum has been paid except the sum of $100 and that there is now due and owing to the plaintiff from the defendants for said gravel and the hauling of said gravel, the sum of $356, demand having been made therefore, and the said defendants having refused to pay same."

To this complaint the defendants interposed an answer wherein they admit that they are copartners and further "admit that on or about

June 10th, 1922, they entered into a contract with the plaintiff whereby and under the terms of which the plaintiff was to furnish and deliver such amounts of screened gravel and sand, suitable for concreting bridges and culverts in road building and satisfactory to the Highway Commission as would be required in the construction of ten miles of highway between Foxholm and Carpio, North Dakota, approximately 350 cubic yards, in the proportion of two parts of gravel to one part sand; that under said contract the plaintiff would be obliged to haul portions of said gravel and sand a distance much farther than other portions thereof; that the plaintiff partially performed said contract but ceased and refused performance thereof when it became necessary to haul the same more than four miles and abandoned said contract and its performance; that the plaintiff hauled and delivered thereunder approximately 105 cubic yards of gravel and sand; and in so doing used and employed the men and teams of the defendants to an extent of thirty-six days' work for men and six days' work for teams; that the reasonable value of the work, time and services performed in the delivery of said 105 cubic yards of gravel by plaintiff for defendants under said contract did not exceed the reasonable value of $2 per cubic yard or $210 in all, and in the performance of which the defendants furnished labor of men, and teams as aforesaid worth and of the reasonable value of $120."

The answer admits that prior to plaintiff's abandonment of the work the defendants paid him $100, in cash; and it is averred that by reason of these facts plaintiff has been fully paid for all gravel and sand delivered by him. The defendants also interposed a counterclaim based upon the breach of the contract which the defendants assert plaintiff made to haul and deliver all the gravel necessary in the construction of a certain project and that as a result of the plaintiff's failure to comply with his said contract the defendants were obliged to procure such sand and gravel elsewhere and at much greater expense to their damage in the sum of $500. The facts relating to the furnishing of teams and men and the payment of $100 are also alleged as a counterclaim and it is asserted that by reason thereof the defendants overpayed plaintiff in the sum of $10, for value of the sand and gravel furnished, and defendants demand a judgment against the plaintiff in the sum of $510. The plaintiff interposed a reply denying generally the

averments of the counterclaim. The cause was submitted to the jury and the jury returned the following verdict:

"We the jury in the above entitled action find in favor of the plaintiff and against the defendants in said action and assess plaintiff's damages at the sum of $326, with interest at the rate of 6 per cent from the 17th day of August 1922, until paid; *and allow defendants sufficient sand and gravel to complete culverts and projects from pit now opened on plaintiff's farm for project now in question between Carpio and Foxholm free of charge."*

Defendants moved that the verdict be set aside and a new trial had, the contention being that the portion of the verdict which we have italicized rendered the verdict invalid and insufficient as a basis for a judgment. After hearing the motion, the trial court made an order to the effect that the italicized portion of the verdict be stricken out and that judgment be rendered and entered on the verdict in accordance with the provisions remaining after the italicized portion had been stricken out. Defendants have appealed from such order.

In our opinion the order appealed from must be reversed. Under the pleadings in this case there were presented certain definite issues both as regards the cause of action set forth in the complaint and the cause of action set forth in the counterclaim. And it is apparent that evidence was adduced by the respective parties in accordance with the averments in their respective pleadings, for, although a transcript of the evidence has not been presented on this appeal, the court's instructions to the jury are part of the record; and according to such instructions evidence was adduced upon the trial by the parties in accordance with the averments in their pleadings. The trial court in its instructions to the jury outlined the issues as framed by the pleadings and instructed as to the burden of proof both as regards the cause of action alleged in the complaint and that alleged in the counterclaim. The court in its instructions further stated that the plaintiff and the defendants did not agree as to the terms and conditions of their agreement and that it was for the jury to determine what the terms and conditions of such agreement were. As regards the verdict which might be returned in the case the court said:

"In arriving at a verdict in this case, if you shall find damages in favor of the plaintiff, then you should bring in a verdict in his favor

and against defendants for such damages as he has sustained, if any, unless you shall also find that defendants have proven damages under their counterclaim.

"On the other hand, if you shall find that defendants have proven damages against the plaintiff under their alleged counterclaim, but that plaintiff has failed to prove his case against defendants, then you should bring in a verdict in favor of defendants and against plaintiff for such amount of damages as defendants have sustained, if any.

"In case you shall find damages in favor of plaintiff under his claim, and you should also find damages in favor of the defendants under their counterclaim, then you should offset the one amount against the other amount, and if you find that the damages in favor of the plaintiff under his claim, exactly equal the damages found in favor of the defendants under their counterclaim, then you should bring in a verdict in favor of the defendants for a dismissal of the action.

"On the other hand, if you should find that the damages in favor of plaintiff, if any, do not exactly equal the damages in favor of the defendants, if any, then you should deduct the lesser amount from the greater amount and bring in a verdict for the plaintiff or for the defendants, as the case may be, for the difference between the two amounts, in favor of the party whom you shall so find entitled to the difference."

It must, of course, be assumed that the evidence adduced upon the trial was such as to warrant the trial court's consideration of the matters referred to in the instructions, and the submission of the three different forms of verdict. The jury saw fit to return a verdict different from any one of those submitted. The verdict on its face shows that the jury decided to make some award both to the plaintiff and to the defendants; for, while the verdict awards plaintiff a certain sum of money, such amount is awarded only on the condition that the plaintiff furnish, and the defendants receive, a certain quantity of sand and gravel out of the pit on plaintiff's farm. It seems too clear for controversy that the jury intended by this provision to award defendants something of value, and it certainly cannot be assumed that the jury would have returned a verdict for the plaintiff in the same amount they did, if they had known that the award they made to the defendants was beyond their power and would be stricken from the verdict. In other words, upon the record here, we do not believe it can be said

that the verdict as amended by the trial court was the verdict which the jury did return, or the verdict they would have returned if the verdict had been rejected and the jury directed to return a verdict in accordance with the court's instructions. Manifestly the jury had no right, under the instructions in this case, to award a certain sum to the plaintiff upon any condition such as contained in the verdict, nor did they have power to compel defendants to accept sand and gravel in satisfaction of any claim they might have against the plaintiff on account of any of the matters set forth in the counterclaim. And we do not believe that the provision which the jury inserted in the verdict can be treated as mere surplusage. 38 Cyc. p. 1891. We have no means of knowing what occurred in the jury room, but it seems to us that it is at least highly probable that the condition inserted in the verdict was responsible for the verdict as a whole, and that it is hardly probable that the jury would have returned a verdict in favor of the plaintiff for the sum stated in the verdict, if they had known that the provision which they inserted by way of making a certain allowance to the defendants would be stricken out.

In other words, we do not believe that the verdict as amended by the court is the verdict of the jury in this case. Nor do we believe it can be said that if upon the return of the verdict the issues had been re-submitted or the jury directed, under appropriate instructions, to make the correction later made by the court that the amount awarded the plaintiff would have been as large as that awarded in the verdict under consideration here.

Verdicts must be certain, definite, intelligible, unambiguous, consistent and unconditional. 25 Standard Enc. Proc. pp. 954, 955. And where there is submitted to a jury both the question as to the amount, if any, due on plaintiff's cause of action, and the amount, if any, due on defendants' counterclaim, the verdict must clearly show in whose favor the balance rests and the amount thereof. 38 Cyc. p. 1889; Comp. Laws, 1913, § 7634. Our laws make ample provisions for the correction of verdicts in cases where a defective verdict is returned. Section 7631, Comp. Laws, 1913, provides:—"When a verdict is announced if it is informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

This procedure, however, was not followed in this case. The issues were not resubmitted to the jury, nor was the jury directed to correct the verdict. On the contrary the jury was discharged, and later the trial judge amended the judgment by striking therefrom a certain provision. Both the verdict as returned, and the ruling of the trial court on the motion for a new trial were excepted to as a matter of law. See § 7653, Comp. Laws, 1913.

It follows from what has been said that the judgment and order appealed from must be reversed and a new trial had. It is so ordered. All costs will abide the final determination of the action.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.