[File No. 6957]

OTTO C. BORMANN, Respondent, v. WILHELM BECKMAN, Appellant.

(19 NW2d 455)

Opinion filed June 23, 1945

*Paul W. Boehm,* for appellant.

*Theo B. Torkelson,* for respondent.

MORRIS, J. This action was instituted by service of summons and complaint upon the defendant on November 23, 1943. The plaintiff seeks judgment on a promissory note for the sum of $701 with interest from the 8th day of April, 1941, at 6% per annum. The defendant's answer pleads a general denial and sets forth two counterclaims. In the first counterclaim the defendant alleges that his son entered into a lease with the plaintiff in March, 1942, covering a tract of land in Adams County and that under the terms of the lease the lessee was to receive one-half of the grain raised on the land. On or about June 4, 1942, the lessee was inducted into the Army. It is then alleged that the plaintiff engaged the defendant to harvest the crop that had been planted by the lessee and it was agreed that the plaintiff was to pay one-half of the thresh bill and that the defendant was to receive one-half of the barley and oats grown on the leased land. The defendant then alleges that the plaintiff took all of the 170 bushels of oats raised on the premises and 98 bushels of barley that belonged to the defendant under this agreement, paid none of the thresh bill, and also put the defendant to additional expense of $14.60 in endeavoring to obtain his share of grain. The total of the items thus claimed is $246.35.

As a second counterclaim the defendant sets forth that between the years 1933 and 1935 he performed farm work for the plaintiff by plowing and dragging certain land for which he has not been paid to his damage in the sum of $375.75.

In reply to the first counterclaim the plaintiff alleges that the defendant undertook to carry out on behalf of his son the agreement whereby the son had rented the plaintiff's land. He denies that he made any agreement with the defendant or that he appropriated any of the lessee's share of the grain. In reply to the second counterclaim the plaintiff first alleges payment in full and, as a further defense, pleads the six year statute of limitations.

The case was tried to a jury which returned a verdict in favor of the

plaintiff for $246.40 on June 7, 1944. On June 10, 1944, the trial court signed an order directing the entry of judgment in accordance with the verdict. No judgment was entered on this order. Later the plaintiff made a motion to vacate the verdict and the order for judgment made pursuant thereto and for judgment notwithstanding the verdict for the full amount due on the note. This motion was heard on August 30, 1944. On September 6th the trial court entered an order directing that the verdict "be amended to read for $844.35 and the said Order for Judgment thereon be and the same hereby is in all things vacated and set aside; and that the said plaintiff, Otto C. Bormann, do have and recover of and from Wilhelm Beckman, said defendant, upon the Promissory note in the complaint and hereinbefore mentioned, the sum of Seven Hundred One dollars, as principal, and interest thereon from the 8th day of April, A.D. 1941 at the rate of six per cent per annum," together with costs of the action. Judgment was entered against the defendant pursuant to the order, for $916.13. The defendant appeals from the order and from the judgment entered pursuant thereto.

The appellant challenges the judgment on the ground that the court had no power to amend the verdict and order judgment for the amount indicated by the amended verdict. Rev Code 1943, § 28–1504, provides that when a verdict is found for the plaintiff in an action for the recovery of money the jury shall also find the amount of the recovery. It is a basic rule that in a jury case the determination of the amount of recovery is entirely within the province of the jury and that generally the trial court has no power to amend a verdict by increasing the amount found by the jury. 64 CJ 1099. This rule, however, is subject to some qualifications. Fletcher Bros. v. Nelson, 6 ND 94, 69 NW 53, was an action in claim and delivery wherein the jury found for the plaintiffs but omitted to find the value of the plaintiffs' interest in the property. The value of the property was not controverted and was capable of being ascertained by mere computation made upon the pleadings. This court directed the trial court to enter an order amending the verdict by inserting therein the value of plaintiffs' interest in the property and to further order entry of judgment in favor of the plaintiffs upon the verdict as so amended. The power to amend may be exercised in actions on contract in which interest is incident to the principal sum and is recov-

erable as a matter of law if recovery is awarded as to the principal. Jacobson v. Mutual Ben. Health & Acci. Asso. 70 ND 566, 296 NW 545; 53 Am Jur 759, Trial, § 1096. The plaintiff argues in the instant case that the action being upon a promissory note and the court having submitted to the jury the sole question of the execution and delivery of the note, the jury had no choice under the law of the case but to return a verdict either for the defendant or for the plaintiff for the full amount due on the note. In support of this contention he points to the court's instruction which is as follows:

". . . if you find by a fair preponderance of the evidence that the defendant did execute and deliver the note, then your verdict should be in plaintiff's favor for the amount of the note with interest thereon from the date of the instrument at six per cent."

The plaintiff would apply the same rule in this case as we applied in the Jacobson Case above cited, wherein we said that:

"In a case where the sole issue is plaintiff's right to recover anything of the defendant, and where the amount due, if anything, is undisputed and the debt or obligation is of such nature that interest is recoverable as damages as a matter of law, and where the jury returns a general verdict in favor of the plaintiff and against the defendant for the amount of the principal debt without mentioning interest, it is not error prejudicial to the defendant for the court to add the amount of interest to the verdict and order judgment for the plaintiff for the amount due for both the principal and interest."

It is apparent that the jury failed to follow the court's instructions and that the verdict is not in accordance therewith. If we treat the verdict solely as a determination by the jury that the note was executed and delivered and that those facts having been established the amount due is a matter of mathematical calculation concerning which there can be no dispute, the plaintiff's contention appears to have weight. On the other hand, it seems clear that the jury did not intend to award the plaintiff the full amount due upon the note and that they deliberately disobeyed the court's instructions and brought in a verdict for slightly more than one-third of the principal of the note. Under these circumstances the verdict that was rendered bears the earmarks of a compromise and we cannot say that the jury would have brought in a verdict for the full amount due on the note if they had felt impelled to obey the

instructions. The small amount agreed upon may have been responsible for the verdict being in favor of the plaintiff. Otherwise the jury may not have agreed at all. We cannot say that the verdict as amended by the court is still a verdict of the jury. It, therefore, appears that the court erred in amending the verdict. Watne v. Rue, 50 ND 651, 197 NW 766; Gaither v. Wilmer, 71 Md 361, 18 A 590, 5 LRA 756, 17 Am St Rep 542.

We must next determine whether or not the error in amending the verdict is fatal to the judgment. The amendment was made as the result of a motion by the plaintiff for a judgment notwithstanding the verdict. At the close of the case the plaintiff moved for a directed verdict. Thus a proper foundation was laid for the second motion. A motion for judgment notwithstanding the verdict in effect reviews the court's ruling in denying the motion for a directed verdict. Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 ND 20, 156 NW 234. If the plaintiff was entitled to a directed verdict he was also entitled to have judgment entered notwithstanding the verdict. If the trial court had granted the latter motion and had entered judgment for the plaintiff accordingly, that judgment would have been identical with the one from which the defendant now appeals and the error in amending the verdict would be nonprejudicial, for the ultimate result would be right. The situation is somewhat analogous to that which was presented to the court in Bruffarts v. Ober, 48 ND 997, 188 NW 174. In that case a motion for directed verdict was made and denied. Later the court directed a verdict upon his own motion upon the sole theory that there was a misjoinder of parties and causes of action. Misjoinder was not a ground for directing a verdict. This court said:

"It would seem that the trial court gave the right result, but for a wrong reason. If the defendants had made a motion at the close of all the evidence for a dismissal of the action against them, it would have been proper for the court to have granted the motion, as the evidence was insufficient to support a joint verdict. The fact that it did dismiss the action for another reason, we think, in the circumstances of this case, in reality should not be permitted to change the result at which the court arrived."

We now examine the record in order to determine whether the plaintiff is entitled to the judgment rendered as a matter of law. In passing

upon a motion for judgment notwithstanding the verdict, the evidence must be considered in the light most favorable to the verdict. La Bree v. Dakota Tractor & Equipment Co. 69 ND 561, 288 NW 476; Taylor v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 ND 332, 248 NW 268. The first point to be considered is that raised by the allegations in the complaint of the execution and delivery of the note and the general denial thereof pleaded in the answer. The plaintiff testified positively that the defendant signed and delivered the note to him. He is corroborated by the positive testimony of another witness. The defendant, on the other hand, does not deny signing the note but states that he did not sign the note on the date that it bears nor at the time and place indicated by plaintiff's testimony. Later on in his testimony in connection with a claim that he did not get proper credit for work done for the plaintiff the defendant inferentially admitted that he executed the note. His testimony is so evasive and unsatisfactory that it raises no question of fact as to the execution and delivery of the note.

The defendant claims that the court erred in not submitting the counterclaims to the jury. If error was committed in this respect it is fatal to the judgment. In the first counterclaim the defendant alleges that the plaintiff leased a farm to Will Beckman, a son of the defendant, who seeded certain crops on the leased land. Thereafter and before harvesting Will Beckman was inducted into the Army. Under the lease the grain was to be divided between the lessor and lessee. The defendant then alleges:

"That after said lessee was in the army the plaintiff came to this defendant repeatedly importuning, persuading and eventually engaging him to harvest the crops so sown on plaintiff's land, on condition that the defendant was to receive one-half of the oats and barley raised on the same and that each of the parties to this action pay one-half of the threshing bill incurred in threshing such grain. That this defendant, relying on the promises and agreements of the plaintiff, duly harvested and threshed 646 bushels of barley and 170 bushels of oats, grown on plantiff's said leased land."

It is then alleged that the plaintiff appropriated all of the oats and 98 bushels more than his share of the barley and failed to pay one-half of the threshing bill. Thus the defendant apparently attempted to plead an agreement with the plaintiff for harvesting the crop. His tes-

timony does not support such agreement. On direct examination he said that the plaintiff told him to harvest and thresh the crop. On cross examination he testified that his son Will Beckman asked him to harvest the crop and that pursuant to an agreement with his son he harvested the crop; that under that agreement the son was to have the lessee's share of the wheat and defendant was to have the lessee's share of the oats and barley; that he told the plaintiff that he was to harvest the crop for his son Will Beckman. On redirect examination by his own counsel the defendant changed his story and testified that Will Beckman turned the lease over to another son, Albert Beckman, and that Albert took care of the crop. His testimony on this point was unequivocal. It was apparently because of this testimony that the court submitted no issue to the jury on the first counterclaim but only submitted the question of the execution and delivery of the note and advised the jury that the other issues had been disposed of by the court. The court was correct in determining that the defendant had wholly failed to sustain the allegations of his counterclaim with respect to an agreement with the plaintiff for harvesting the crop.

After the defendant had testified that Albert Beckman had taken over the lease and harvested the crop the court sustained objections to testimony regarding acreage, number of bushels and price of grain raised on the leased premises. The defendant then made an offer of proof in which he offered to prove that the plaintiff requested and demanded that the defendant harvest the crop and that in compliance with that request the defendant and his family harvested the crop but that the plaintiff failed to turn over to him the share of the barley and oats that the defendant was entitled to under the lease as well as under special request and agreement of the plaintiff. An objection to the offer of proof was sustained. The court properly observed that the offer was contrary to the testimony of the defendant already in the record.

The defendant next moved for leave to amend the answer to conform to the proofs offered and presented to the court a proposed amended answer. The plaintiff objected to the amendment on the ground that it substantially changed the nature of the defense. The court then said:

"Upon the defendant's objection and upon the testimony of the defendant wherein he stated that the contract was assigned to his other

son, the Court will deny defendant's motion to file an amended answer."

In paragraph 3 of the amended answer the defendant alleged that the lessee Will Beckman assigned his interest in the lease to the defendant with the express consent of the plaintiff and that under the terms of the transfer the defendant was to receive one-half of the oats and barley. It may be noted that the amended answer set forth events wholly inconsistent with the offer of proof that had been rejected as well as changing the basis of the counterclaim from a direct contract, as pleaded in the original answer, to that of an assignment of the lease.

A wide discretion is reposed in the trial court in allowing or rejecting amendments to pleadings during the trial. Barker v. More Bros. 18 ND 82, 118 NW 823; Continental Supply Co. v. Syndicate Trust Co. 52 ND 209, 202 NW 404. Generally it is not an abuse of discretion to refuse amendments introducing new defenses after the evidence is all in. Prefontaine v. Great Northern R. Co. 51 ND 158, 199 NW 480. In this case the court did not abuse his discretion in refusing to allow the amendment.

The plaintiff pleaded the statute of limitations in reply to the second counterclaim and alleged that more than six years had elapsed since the defendant's cause of action thereon accrued. It appears from the record that both parties to this action were residents of North Dakota from the time the cause of action accrued until the trial, which was approximately seven years. Where there is no dispute in the evidence as to the facts, the question as to whether the statute of limitations has run is for the court and not for the jury. Pratt v. Pratt, 29 ND 531, 151 NW 294. The record clearly shows that the counterclaim was barred as a matter of law and that there were no facts to submit to the jury regarding the question of the statute of limitations.

In his specifications of error to this court the defendant for the first time attempts to raise two questions not covered by the pleadings or presented to the trial court. He points out that there is a conflict of testimony between the plaintiff and defendant as to whether the note sued upon is the last note given by the defendant. In other words, the defendant says that the note upon which the action is brought was renewed by the giving of another note about a year later. It is then argued that the note sued upon is illegal and may not be made the basis of an action. Presumably the defendant relies upon c 171, ND Sess.

Laws 1925 (Rev Code 1943 § 41–1708). The defendant did not plead the renewal of the note as a defense, neither did he object to its introduction upon any ground that would indicate that he claimed that it had been renewed. No instruction was requested that embraced this question. His proffered amendment to the answer at the close of the testimony did not intimate that he had such a defense in mind. Clearly it cannot be raised for the first time in this court on appeal.

The defendant also urges partial failure of consideration for the note. This defense also was neither pleaded nor presented to the trial court in any manner and cannot be raised here for the first time.

It is the general rule that a defense not raised in the trial court will not be considered for the first time by the appellate court. Schuyler v. Wheelon, 17 ND 161, 115 NW 259; Felton v. Midland Continental R. Co. 32 ND 223, 155 NW 23; Helman v. Strong, 34 ND 228, 157 NW 986.

After carefully reviewing the entire record of this case we reach the conclusion that the plaintiff, as a matter of law, is entitled to judgment for the amount of the note and interest according to the terms thereof. That is the judgment which was entered. The fact that the court may have incidentally amended the verdict does not require a reversal of the judgment.

The defendant attempts to raise one more question on this appeal. He points out that the instructions to the jury were given before the attorneys were permitted to argue the case to the jury, thus departing from the order of trial set forth in RC 1943, sec. 28–1410. This section would seem to vest considerable discretion in the trial court regarding the order of trial but, in any event, the record shows that the defendant's counsel proceeded with the argument and made no objection to the change in the order of trial. He acquiesced in the procedure and cannot now object to it. Pyke v. Jamestown, 15 ND 157, 107 NW 359; Walton v. Olson, 40 ND 571, 170 NW 107. The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.