Ralph ERHARDT and Ann Erhardt,
Plaintiffs and Appellants,

v.

GOLD SEAL CHINCHILLAS, INC., and
Robert Reed, Defendants and
Respondents.

No. 8293.

Supreme Court of North Dakota.

Aug. 30, 1966.

T. L. Secrest, Hettinger, and William C. Kelsch, Mandan, for appellants.

Rausch & Chapman, Bismarck, for respondents.

ERICKSTAD, Judge.

The plaintiffs, Ralph and Ann Erhardt, appeal from a judgment entered on the order of the District Court of Burleigh County, granting the motion of the defendant Gold Seal Chinchillas, Inc., for judgment notwithstanding the verdict. The judgment dismissed the plaintiffs' complaint and ratified and held valid two promissory notes and a real estate mortgage given as security therefor to the defendant corporation.

In their complaint the plaintiffs allege that they were induced through fraudulent representations of the defendants to purchase six pairs of chinchillas with cages from the defendant Gold Seal Chinchillas, Inc., of Tacoma, Washington, at a price of $6,150, and that in connection therewith they executed and delivered promissory notes to the defendant corporation in the sum of $5,850 and $300, each bearing interest at the rate of seven per cent per annum.

In their complaint they sought damages in the amount of $8,857 plus punitive damages in the sum of $12,500. During the trial they reduced their claims for actual damages to the sum of $6,343.80. The court refused to instruct on punitive damages.

The corporate defendant in its answer denied that the plaintiffs had been defrauded in any way and alleged in addition thereto that, if they had been defrauded, they were estopped from asserting the fraud by reason of their acts and delay. It asserted by way of counterclaim that the plaintiffs had executed a certain real estate mortgage covering lands in Grant County to secure the payment of the larger promissory note. In its prayer for relief the corporate defendant asked that the plaintiffs' complaint be dismissed and that it have judgment against the plaintiffs for the purchase price in the sum of $6,150, with interest from July 30, 1958, and that it receive such other and further relief as to the court might seem just and equitable, including the adjudication that the mortgage held by the corporate

defendant be declared to be a valid lien upon the premises described in the mortgage.

The defendant Robert Reed, in asking for dismissal of the complaint, denied the plaintiffs' allegations of fraud and further pleaded estoppel.

Two forms of verdict were submitted to the jury. The one that they selected was filled in to read as follows:

### VERDICT FOR DEFENDANTS

We, the Jury, duly empaneled and sworn to try the above entitled action, do find in favor of the defendants, Gold Seal Chinchillas, Inc. and Robert Reed, and against the plaintiffs, and assess Gold Seal Chinchillas Inc.'s damages in the sum of $ none , with interest from and after July 30, 1958; and further find that plaintiffs take nothing by this action and that plaintiffs' cause of action be dismissed.

The essential parts of the judgment entered on the order granting the motion for judgment notwithstanding the verdict read as follows:

#### I.

That the plaintiffs' complaint be and the same is in all things dismissed and that defendants have their statutory costs and disbursements taxed and allowed in the sum of $118.45.

#### II.

That the promissory note made, executed and delivered by plaintiffs to defendant, Gold Seal Chinchillas, Inc., on the 30th day of July, 1958, in the sum of $5,850.00 together with the real estate mortgage made, executed and delivered by said plaintiffs to said defendant on the 4th day of August, 1958, covering

and concerning the following described premises, to-wit:

Northeast Quarter of Southwest Quarter (NE¼SW¼), Lot 4, in Section 4; the South Half of Northeast Quarter (S½NE¼) of Section 4; Lots 1, 2 and 3 in Section 4; the East Half of Northeast Quarter (E½NE¼); Southwest Quarter of Northeast Quarter (SW¼NE¼); Northwest Quarter of Southeast Quarter (NW¼SE¼) in Section 8, Township 136, Range 87; Southeast Quarter (SE¼) Section 35; and South Half (S½) of Section 36, Township 137, Range 87,

as filed on the 5th day of August, 1958, in Book 76 of Mortgages on page 519 in the office of the Register of Deeds of Grant County, North Dakota, is held valid and in all things ratified; that the promissory note made, executed and delivered by said plaintiffs to said defendant on the 30th day of July, 1958, in the sum of $300.00 is further held valid and ratified.

The plaintiffs' basic contention on this appeal is that the court erred in granting the motion for judgment notwithstanding the verdict. In support thereof they argue that the verdict must be interpreted as a verdict for the plaintiffs in an amount equal to the defendants' counterclaim of $6,150 plus interest. They argue that in awarding the defendant no dollars on its uncontroverted counterclaim, the jury in effect offset the damages for fraud against the purchase price and interest thereon.

With respect to the notes and the mortgage, the court instructed the jury as follows:

You are instructed, members of the jury, that with respect to the notes and the mortgage given by the plaintiffs to the defendant, Gold Seal Chinchillas, Inc., you are not to take these into your consideration as the disposition of those will be taken care of by the court.

The defendants contend that, this being an action for damages, not for rescission, and there being no issue for the jury to determine as to the counterclaim (as the execution of the notes and mortgage and the nonpayment thereof is not denied), the court acted properly in granting the motion for judgment notwithstanding the verdict.

On the other hand, the plaintiffs point out that the issue of the counterclaim for the purchase price and interest was submitted to the jury when the court instructed as follows:

Now, if you find that the defendants have sustained the burden of proof necessitated by their pleadings to your satisfaction and by a fair preponderance of the evidence, then you shall find a verdict against the Plaintiffs and in favor of the defendant Gold Seal Chinchillas, Inc. in a sum not to exceed $6,150, with interest from July 30, 1958, and dismissing plaintiffs' cause of action as against defendant Robert Reed.

As interesting as these arguments are, we shall postpone their consideration until a later stage of this opinion.

■ In the instant case we have before us an appeal from a judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict calls for a review of the grounds assigned in support of the motion for a directed verdict. Lindenberg v. Folson, 138 N.W.2d 573 (N.D. 1965); Hanson v. Fledderman, 111 N.W.2d 401 (N.D.1961); Leach v. Kelsch, 106 N.W. 2d 358 (N.D.1960); Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429.

The corporate defendant's motion entitled "Motion for Judgment Notwithstanding the Verdict" reads as follows:

Comes now the defendant, Gold Seal Chinchillas, Inc., it having heretofore moved for a directed verdict in accordance with law and now moves the Court to set aside or amend that portion of the verdict by the jury rendered in the trial

of the above action which provides that no damages or award is given to said corporation and set aside any judgment which may be entered thereon and that the Court award judgment to said defendant corporation in accordance with the counterclaim presented and filed upon the grounds and for the following reasons, to wit:

## I.

That said jury did find in favor of the defendant corporation and against plaintiffs and did dismiss plaintiffs' complaint thereby finding that no fraud had been practiced on said plaintiffs.

## II.

That there was no denial of the execution and delivery of said notes and mortgage by plaintiffs to defendant corporation and that no sum has been paid thereon; that the whole of said notes was due and owing with interest as provided therein; that no issue was properly presented upon said notes for said jury; that counsel for plaintiffs during the time of pre-trial conference and during the time of the presentation of the case in District Court did further agree that there was no denial of the execution and delivery of said legal instruments and that no sum had been paid thereon.

## III.

That said plaintiffs elected to affirm and ratify said contract and instruments by bringing an action for damages; that said notes and mortgage thereby remain in full force and effect.

## IV.

That the verdict of the jury in failing to find for defendant corporation in the amount so due and owing as stated in the counterclaim was contrary to the evidence and contrary to law and was the result of a mistake.

## V.

That in any event, the Court in its instructions to the jury did provide and did instruct said jury that with respect to the notes and mortgage given by plaintiffs to the defendant corporation that said jury was not to take the same into consideration as the disposition thereof would be taken care of by the Court; that this defendant corporation further now moves the Court in accordance with such instruction to affirm, hold valid and ratify said notes and mortgage upon all the grounds and reasons aforesaid and pursuant to said instructions now on file herein and to amend the verdict.

In comparing the grounds asserted for judgment notwithstanding the verdict with the grounds asserted for dismissal of plaintiffs' complaint and for directed verdict at the close of the plaintiffs' case, which were renewed again, and the grounds asserted for judgment at the close of all the evidence, it would appear that the defendants abandoned all grounds asserted in those motions except those related to part IV of the motion for judgment notwithstanding the verdict.

All but part IV of the motion for judgment notwithstanding the verdict relates to grounds not assigned for the motion for a directed verdict and thus should not have been considered by the trial court on a motion for judgment notwithstanding the verdict.

It clearly appears, therefore, that the trial court was in error in granting the motion for judgment notwithstanding the verdict unless the corporate defendant was, under part IV, entitled to have its motion granted.

In Lee v. AAA North Dakota Automobile Club, 68 N.W.2d 835 (N.D.1955), this court said:

Since this is an appeal from a judgment notwithstanding the verdict, the first question for decision is whether defendant was entitled to a directed verdict at the time the motion for a directed

verdict was made. Nicholson v. Roop, N.D., 62 N.W.2d 473; Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456; Bormann v. Beckman, 73 N.D. 720, 19 N.W.2d 455. This question in turn is dependent upon whether the evidence, when viewed in the light most favorable to the party against whom the judgment notwithstanding was entered, presents any substantial issues of fact for the jury to determine. Bormann v. Beckman, 73 N.D. 720, 19 N.W.2d 455; La Bree v. Dakota Tractor & Equipment Co., 69 N.D. 561, 288 N.W. 476.

Lee v. AAA North Dakota Automobile Club, supra, 68 N.W.2d at 837.

Pertinent also is what this court said in Sullwold v. Hoger, 110 N.W.2d 457 (N.D.1961):

It is well settled that there are certain procedural requirements that must be met by a court when it proceeds to vacate or set aside a verdict or judgment. And it is only natural that this should be so. A case once tried and concluded by a verdict should not be reopened and retried unless careful examination shows that justice so requires. In order that injustice may not be done in the name of doing justice, procedural safeguards have been created to insure that the grounds and reasons for the exercise, by a court, of these exceptional and extraordinary powers be made to appear, and that the litigant who invokes these powers shows himself entitled to do so. *This is true whether the matter be the granting of a new trial, or in directing a verdict, or granting judgment notwithstanding the verdict.* Rules 50 and 59, N.D.R.Civ.P., are illustrative of the safeguards mentioned, as are the statutes supplementing and preceding them. [Emphasis added.]

This court has repeatedly held that compliance with these procedural safeguards is essential to a valid exercise by a court of its power in this field. An extended discussion of the matter, with citations of cases and authorities, may be found in Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429. Even when a court is expressly authorized to order a new trial on its own initiative, it must in such order "specify the grounds therefor." That "grounds" means something other than generalities is evident from such authorities as Bradley v. Krogen, 67 N.D. 108, 270 N.W. 93; Montana-Dakota Utilities Co. v. Amann, N.D., 81 N.W.2d 628; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240; 66 C.J.S. New Trial § 141.

It is true that when no objection is made by the opposing party for failure to specify with particularity wherein error was made or how evidence does, or does not, meet requirements, that by raising no objection the opposing party has waived his objection. Clausen v. Miller, 63 N.D. 778, 249 N.W. 791 (discussed in Robbins v. Robbins, N.D., 70 N.W.2d 37). But in the instant case the record shows that vigorous and specific objections were timely made.

Sullwold v. Hoger, supra, 110 N.W.2d 457 at 458–459.

■ As in *Sullwold,* objection has been made in the instant case that the defendants failed to specify with particularity wherein error was made or wherein the evidence was insufficient.

■ Under these circumstances, we are not required to review the evidence, but in the interests of justice we have studied the entire transcript of the proceedings and find that the evidence is in substantial conflict as to the crucial issues. Applying the rule that on a motion for judgment notwithstanding the verdict based upon the insufficiency of the evidence to support the verdict, if the evidence is in conflict it will be viewed in the light most favorable to the party against whom the judgment notwithstanding the verdict was entered, we find no basis for setting aside the verdict of the jury.

Having determined that the trial court erred in granting judgment notwithstanding the verdict, we would normally order that the judgment be reversed and the case be remanded for judgment in conformity with the verdict. In the instant case because of the incomprehensibility of the verdict, such an order would be meaningless. That the verdict is incomprehensible is obvious. The parties present equally convincing arguments in support of their diametrically opposed conclusions. In the interests of justice, therefore, we reverse the judgment and order that a new trial be granted pursuant to the authority granted this court under § 28-27-29, N.D.C.C., the material part of which reads as follows:

> Upon an appeal from a judgment or order, the supreme court may reverse, affirm, or modify the judgment or order as to any and all of the parties, and if necessary or proper, may order a new trial of the entire cause or of some specific issue or issues, and if the appeal is from a part of the judgment or order, may reverse, affirm, or modify it as to the part appealed from.

In Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456, at 463, this court said:

> The ruling on a motion for judgment notwithstanding the verdict may be reviewed separately, Sec. 28-1511, N.D.R.C. 1943. But a new trial will not be granted on such a motion (Nelson v. Grondahl, 12 N.D. 130, 96 N.W. 299; Bragg v. Chicago, M. & St. P. Ry. Co., 81 Minn. 130, 83 N.W. 511), unless the alternative motion for a new trial has been coupled with the motion for judgment notwithstanding. Nelson v. Grondahl, 13 N.D. 363, 100 N.W. 1093; Magaro v. Metropolitan Edison Co., 130 Pa.Super. 323, 197 A. 550.

Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456, at 463.

We construe that opinion as limiting the power of the trial court only and note that the rule therein applied is the rule that this court would follow except under the most extraordinary circumstances. It is significant that in a decision written by the judge who wrote *Weber,* relying on the statute we here apply, this court held that it had the power on appeal from a judgment, in the absence of a motion for a new trial, to grant a new trial. Coman v. Williams, 65 N.W.2d 377 (N.D.1954).

We therefore conclude that for the reasons stated in this opinion the judgment of the trial court is reversed, and a new trial is ordered.

TEIGEN, C. J., and STRUTZ and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.